INHABITANTS OF GREENVILLE *vs.* LYMAN BLAIR.

Piscataquis.     Opinion November 19, 1908.

*Taxation.  Action for Recovery of Taxes.  Irregularities in Election of Assessors.
Collector of Taxes.   Written Authority.   Non-Assessment of Non-Exempt
Property.   Revised Statutes, chapter 10, sections 31, 65.*

1.  Actions by towns for the recovery of taxes are not defeasable by mere
    irregularities in the election of assessors or collector or in the assessment
    itself, but only by such omissions or defects as go to the jurisdiction, or
    deprive the defendant of some substantial right, or by an omission of some
    essential prerequisite.

2.  In such actions it is not necessary for the town to show that the person
    acting as collector of taxes is such collector de jure.  It is enough if he
    was collector de facto.

3.  Also it is enough if the written authority to the collector to bring the
    action is signed by the selectmen, without the addition of the words
    " selectmen " after their signatures.

4.  That the assessors knowingly and wilfully omitted to assess another res-
    ident for certain non-exempt property, is no defense to an action for
    taxes.  The defendant must resort to other proceedings to right that
    wrong.

On exceptions by defendant.    Overruled.

Action of debt to recover certain taxes assessed in 1905 against
the defendant as an inhabitant of the plaintiff town.    Plea, the
general issue and also a brief statement as follows :

"And for brief statement, defendant further says no tax was ever
legally assessed by the assessors of the town of Greenville for the
year 1905 against said Lyman Blair.    The defendant did not have
three thousand dollars at interest for which he was liable to be
assessed in the town of Greenville, as of the first day of April
1905."

Tried at the September term, 1907, Supreme Judicial Court,
Piscataquis County.   At the conclusion of the evidence the presiding
Justice directed the jury to return a verdict for the plaintiff town
for the amount of the tax with interest from the date of the writ,
and the jury thereupon returned such verdict for $193.01.

The defendant excepted to the order directing the verdict and also excepted to several rulings made during the trial.

The case appears in the opinion.

*P. H. Gillin,* and *Aubrey L. Fletcher,* for plaintiff town.

*Hudson & Hudson,* and *J. B. & F. C. Peaks,* for defendant.

SITTING :   EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, BIRD, JJ.

EMERY, C. J.   This is an action of debt to recover the State, county and town tax of 1905 alleged to have been duly assessed against the defendant as an inhabitant of the plaintiff town.   The presiding Justice excluded some evidence offered by the defense and admitted some evidence against the defendant's objection.   After the evidence was all in the presiding Justice directed a verdict for the plaintiff.   To this ruling and some rulings on the evidence the defendant excepted.

This not being a case where the defendant's person or property is levied upon by direct warrant from the assessors, but being, instead, an action for the tax, the action will not be defeated by any mere irregularities in the election of assessors or collector, or in the assessment itself, but only by such omissions or defects as go to the jurisdiction of the assessors, or deprive the defendant of some substantial right, or by some omission of an essential prerequisite to the bringing the action.

The defendant argued the following points only.

1.   The record of the March 1905 town meeting of Greenville, as to choice of collector of taxes, is as follows :   "Ninth; Voted that the clerk be instructed to cast a vote for Aubrey L. Fletcher for Tax Collector in the town of Greenville for the ensuing year."   It further appears that Aubrey L. Fletcher was duly sworn as collector of taxes, and gave bonds as such and entered upon the duties of that office.   The assessment of that year and a collection warrant therefor were issued to him by the assessors.

The defendant contends that Mr. Fletcher was not chosen "by ballot" and therefore was not a legal collector.   But, if not regularly elected, he was the choice of the town and was de facto col-

lector of taxes. The irregularity in his election, if any, does not affect the validity of the assessment of the tax, nor the obligation of the defendant to pay it. Even if he could for that reason lawfully refuse to pay it to Mr. Fletcher and resist his efforts to collect it by levy, he cannot for that reason avoid payment entirely, nor avoid judgment in this suit, which is by the town itself.

2. A necessary prerequisite to the maintenance of this action by the town, is that it should have been directed in writing by the selectmen of the town, R. S., ch. 10, sec. 65. Aubrey L. Fletcher, the collector of taxes, (de facto at least), testified that before the action was brought he prepared a writing directed to himself as collector of taxes directing him to begin the action, and that it was signed by the three assessors and came so signed into his possession. The writing itself had been destroyed in a fire that consumed Mr. Fletcher's office. He did not testify that the writing was signed by the selectmen, but he did testify that it was signed by Hunt, Metcalf and Young who were the selectmen at the time as well as the assessors. The defendant contends that such a writing was not in compliance with the statute since it does not appear that it was signed by Hunt, Metcalf and Young as selectmen. If necessary that they should have written the word "selectmen" after their names, we think it may be presumed that they did so in the absence of evidence to the contrary under the maxim, "Omnia praesumuntur rite et solenniter esse acta donec probetur in contrarium.

3. The defendant offered to show that the assessors knowingly and intentionally omitted to assess one resident of the town for money at interest though he had $20,000 of such property liable to assessment. The presiding Justice ruled that, even if such were the fact, it would not be a defense to this action. The ruling was right. The defendant must resort to some other proceeding to right that wrong. He cannot because of it avoid the payment of the tax assessed upon him. R. S., ch. 10, sec. 31. As said by the Massachusetts court per Shaw, C. J., in *Watson* v. *Princeton*, 4 Metc. 601, "It has often been held that the omission to tax any particular individual who may be liable does not render the whole tax

illegal and void ; and it would be scarcely possible to assess a valid tax if it were otherwise." The defendant therefore, to quote further from the opinion in that case, "has no ground to contend that the tax was void, that he was not liable to be assessed, or that he was assessed for more property than he was liable for. But the grava- men of his complaint is that other persons were not taxed enough, by means of which his rate was higher than it should have been. This cannot be inquired into in an action against the town for money had and received." (to recover back the tax.) No more can it be inquired into in an action by the town to recover the tax. *Dover* v. *Maine Water Co.*, 90 Maine, 180.

No other rulings were argued, and we find no error in them.

*Exceptions overruled.*