INHABITANTS OF SPRINGFIELD *vs.* LUCIUS BUTTERFIELD.

Penobscot.    Opinion November 26, 1903.

*Tax.    Assessor,* ineligible, tax void.    *Officer,* acts of void when de facto.
*R. S., c. 3, § 12.    Stat. 1885, c. 335.*

1.  By the provisions of R. S., ch. 3, § 12, as amended by the laws of 1885, ch. 335, a collector of taxes who has not had a final settlement with the town is ineligible to the office of selectmen or assessor of taxes; and although he may have been formally elected as assessor, and may have been regularly sworn, and may have acted, he is merely an assessor de facto.

2.  In this state, a tax assessed by a de facto board of assessors, or by a board, one of whose members is a de facto assessor, is void and uncollectible.

3.  The question of the validity of such a tax may be raised in a suit by the town to recover the tax.

4.  In this case the tax assessed is void and uncollectible by reason of the fact that one of the assessors when elected was a collector of taxes who had not had a final settlement with the town.

On report.    Judgment for defendant.

Debt to recover a tax.    The case appears in the opinion.

*P. H. Gillin and T. B. Towle,* for plaintiff.

*M. Laughlin,* for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, SPEAR, JJ.

SAVAGE, J.    Action of debt for taxes assessed in the year 1900.

The only defense set up is that one of the assessors of the plaintiff town for that year was ineligible to the office of assessor, and hence that although regularly elected and sworn, he was only an assessor de facto, and not de jure.    Upon this premise, the defendant contends that the assessment was void.    To this the plaintiff replies that it is a general rule that the acts of an officer de facto are valid when they concern the public or the rights of third persons, and cannot be indirectly called in question in a suit in which said officer is not a party, and that the right of the officer can only be questioned in a suit against him; and further that the question whether a person exercising the office de facto is an officer de jure cannot be settled in proceedings between third parties, citing *Hooper* v. *Goodwin,* 48 Maine, 79.

It appears that notwithstanding the provisions of R. S. (1883), c. 3, § 12, as amended by the public laws of 1885, c. 335, that "treasurers and collectors of towns shall not be selectmen or assessors, until they have completed their duties as treasurers and collectors and had a final settlement with the town," the plaintiff town did, at the annual meeting in 1900, elect as one of the selectmen and assessors a person who, in 1898, had been elected collector of taxes, and had qualified and acted as such, and who, at the time of his election as selectman and assessor, had not had a final settlement with the town, as collector of taxes.    Such an election is expressly prohibited by the statute, and is void.    *Spear* v. *Robinson,* 29 Maine, 531; 1 Dillon on Municipal Corporations, § 196; 23 Am. & Eng. Encyclopædia of Law, 2nd ed. 338.    Such a collector is ineligible to the office of selectman or assessor, and although he may have been formally elected, and may have been regularly sworn, and may have acted as assessor, he was at most an assessor de facto, and not de jure.

We must, therefore, decide whether a tax assessed by a board of assessors one of whom is an assessor de facto only, is valid, and collectible in a suit by the town.    The general rule respecting the

validity of the acts of de facto officers, undoubtedly is as stated and claimed by the plaintiff. Such acts are, in general, valid when they concern the public and the rights of third parties, and cannot be called in question in a suit between third parties. But they may be called in question when the de facto officer is a party to the suit, and seeks to justify, or maintain his right, by virtue of an illegal appointment or election.

And it may well be questioned whether, in an action by a town to recover taxes assessed by an ineligible assessor it can shelter itself behind the general rule as stated. *Dresden* v. *Goud,* 75 Maine, 298. The town illegally elected the assessor de facto. The town's right to recover depends upon giving effect to its own illegal act, as if it were legal. Although an assessor is a public officer, and not an agent of the town, yet he acts solely for the town in its municipal capacity. Although the assessor assesses state and county taxes, neither the state nor the county is pecuniarily interested in the performance of his duties, for the state and county look to the town for their respective taxes, whether assessed and collected or not, and the town looks to the individual taxpayers, and collects if it can. The rights of the public are not concerned, except as to that part of the public which the town represents, or is. The proposition is not whether the acts of such a de facto officer may bind the town, as undoubtedly they may, *Opinion of the Court,* 70 Maine, 565; but whether they bind a third party. No third party, unless the town be a third party, sets up any right under the acts of the de facto assessor. On the contrary, the defendant assails them, and says they were to his wrong and injury. And as held in *Dresden* v. *Goud,* 75 Maine, 298, the defendant is not a third party within the meaning of the rule, and the suit is not a collateral one, but is a direct impeachment of the proceedings. If it be true that an offending town may shield itself behind the rule giving validity to the acts of officers de facto, it follows as a practical result that a town may wilfully violate the express and salutary provisions of the statute in question, with impunity. For although individuals might by appropriate proceedings inquire by what warrant the officer holds his office, the expense and delay attending such proceedings would be prohibitory in ordi-

nary cases. But it is not necessary to decide the question in the general form presented. Nor is it necessary to collate the decisions in other jurisdictions, touching the assessment of taxes. Such decisions are not all in harmony with one another. Many hold that an assessment of taxes by a de facto assessor is valid, and cannot be questioned in a suit for the taxes by the town. Nevertheless, we think the rule is too firmly established in this state to be now overruled, or questioned, that taxes assessed by de facto board of assessors, or by a board one of whose members is de facto assessor are void and uncollectible, and that the question may be raised in a suit for the taxes by the town.

In *Williamsburg* v. *Lord*, 51 Maine, 599, which was a suit to recover land claimed by forfeiture for non-payment of taxes, it did not appear that one of the persons who were elected assessors was even sworn or acted as assessor. The court held the assessment invalid, saying, "two assessors are not authorized to assess a tax when they only have been qualified." And this decision was affirmed in *Sanfason* v. *Martin*, 55 Maine, 110.

*Dresden* v. *Goud*, 75 Maine, 298, was a suit by a town to recover taxes. No assessors were chosen by the town, and, by virtue of the statute, the selectmen became assessors and acted as such. But they were not sworn as assessors. It being claimed that they were assessors de facto, and that their acts as such were binding upon the persons against whom the taxes were assessed, the court said :—"Assuming that these men, acting as they did as assessors, by color of an election which if legal, would have made them such, still the principles applicable to officers de facto, would not apply here. The question here presented involves necessarily the competency of the persons to do the act, or make the assessment. The statute requires as a condition precedent to the maintenance of the action, that the tax should be "legally assessed," and the proper oath is a condition precedent to the authority of the assessor to assess. . . . Besides, the defendant is not a third person, nor is there any third person to avail himself of the act or attack the assessment collaterally. The act operates directly upon the defendant. It is his property and his alone that is at stake, and the contest is not a collateral one, but a

direct impeachment of the legality of the assessment. True, the assessors are not a party to the action, but the town which stands in their place and which they represented, is such party, and has no more rights simply because the statute provided that the action should be in its name."—In the same case the court quoted with approval the following language from *Tucker* v. *Aiken,* 7 N. H. 113. "The general principle undoubtedly is, that the acts of an officer de facto are valid, so far as the public or the rights of third persons are concerned; and that the title of such an officer cannot be inquired into in any proceeding to which he is not a party. But proceedings founded upon the assessment and collection of taxes have been supposed to form an exception to this rule; or rather, a different rule has been supposed to be applicable to such proceedings."

In a suit upon a collector's bond, in *Machiasport* v. *Small,* 77 Maine, 109, the court held that a tax assessed by two assessors, when they alone have been qualified, is void, following *Williamsburg* v. *Lord,* and *Sanfason* v. *Martin,* supra. In this case it did not appear that a third assessor had been elected.

It was decided in *Orneville* v. *Palmer,* 79 Maine, 472, that when assessors took the oath of office before the moderator, who was not authorized to administer it, they were not legally qualified to perform the duties of office, and could not assess a legal tax.

In *Lord* v. *Parker,* 83 Maine, 530, 534, WALTON, J., said, "It is well settled that a tax assessed by three assessors without their being sworn, is illegal and not collectible."

In *Bowler* v. *Brown,* 84 Maine, 376, an assessment was declared invalid, because there was no sufficient evidence that the assessors had been sworn.

In *Jordan* v. *Hopkins,* 85 Maine, 159, where an assessment had been made by two assessors legally chosen and sworn and another person who had been chosen and sworn as a selectman only, the court said that it felt "constrained to decide that the assessment was vitiated by the illegal participation of the unsworn assessor in making the same."

A consideration of the opinions in the foregoing cases leads to the conclusion that it is well settled law in this state that to sustain an

action by a town to recover taxes, as well as in actions involving forfeitures for non-payment of taxes, it must be shown that the tax was legally assessed, that the assessors were legally chosen and qualified, and had jurisdiction over the persons and estates assessed; that if two only of the assessors are qualified by being sworn, the other not qualified and not acting, the assessment is void; that if none of the assessors are qualified, they are merely assessors de facto, and their assessment is void; and if two are qualified and one is not, the assessment is equally void. The unqualified assessor is merely a de facto assessor, and his participation in the assessment is illegal, and vitiates it. And without him, there are only two qualified assessors, and they cannot make a legal assessment. And we can perceive no distinction, at least none favorable to the plaintiff here, between a case where all the board were legally elected and only two were sworn, and one where only two were legally elected, though all three were sworn In neither case is the assessment made by assessors all of whom are legally elected and qualified. In both cases the assessment is made by a board of assessors, who are in part officers de facto.

We hold, therefore, that the assessment of taxes in this case by assessors, one of whom was ineligible to the office by statute, was illegal and void, and that it is competent for the defendant to attack it in this proceeding. *Dresden* v. *Goud*, supra.

*Judgment for defendant.*