INHABITANTS OF OTISFIELD *vs.* BOURDON SCRIBNER ET AL.

Cumberland.      Opinion October 14, 1930.

312

*Robinson & Richardson*, for plaintiffs.
*Alton C. Wheeler*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ. PHILBROOK, A. R. J.

BARNES, J. The defendants, one a resident of Hiram, the other of Harrison, were in 1924, and for the succeeding four years, owners of real estate in the town of Otisfield.

They are sued, in an action of debt, for taxes on the Otisfield real estate, and the case is by agreement of parties reported to this court for adjudication on a statement of facts.

Since the suit was begun the tax for 1928 has been paid.

At the times of holding the annual town meetings in Otisfield in 1924 and 1925, one Harry M. Stone, presumably a resident of Otisfield, was in that small class of residents of the town, who, with treasurers in similar straits, are the only residents by R. S., Chap. 4, Sec. 12, disqualified to serve as assessors de jure: he had been collector of taxes for Otisfield, and had not completed his duties as collector of taxes nor had a final settlement with the town.

So disqualified by statute, Mr. Stone, with others, proceeded in each of these years to assess the taxes on the defendants' real estate.

Except for the disqualification of Mr. Stone the report informs us that assessment, commitment, and demand by the collector, for each tax now sought to be recovered were proper and legal.

Until a legislature shall remove the bar a tax collector who has not settled with the town may not serve as an assessor of its taxes, and taxes levied by a board of assessors of which such former tax collector is one can not be collected on suit of the inhabitants of the town. *Springfield* v. *Butterfield*, 98 Me., 155.

But, with intent to cure this defect, the plaintiff town secured the passage of an act of the legislature of 1927, Chapter 44 of the Private and Special Laws of that session. It reads as follows:

"The acts, doings and proceedings of the town meeting of the town of Otisfield in the county of Cumberland and state of Maine held on the third day of March, nineteen hundred and twenty-four, the town meeting of said town held on the second day of March, nineteen hundred and twenty-five and the town meeting of said town held on the first day of March, nineteen hundred and twenty-

six, are severally hereby ratified, made legal and valid; also the assessments and commitment of taxes in said town of Otisfield for the years nineteen hundred twenty-four, nineteen hundred twenty-five and nineteen hundred twenty-six and the acts and doings of the municipal officers of said town, for said years, relating to the assessment and commitment of said taxes are hereby ratified, made legal and valid." . . . It is argued that this act of the legislature, by intent retrospective in its effect, cured the defect, made the assessment legal despite the statute bar at the time of assessment, and eliminates the defense.

"A curative act in the ordinary sense of the term is a retrospective law acting on past cases and existing rights.

"The power of the legislature to enact such laws is, therefore, confined within comparatively narrow limits, and they are usually passed to validate irregularities in legal proceedings or to give effect to contracts between parties which might otherwise fall for failure to comply with technical legal requirements. (Cooley) But there may be in legal proceedings defects which are not mere informalities or irregularities, but so vital in their character as to be beyond the help of retrospective legislation: such defects are called jurisdictional." *Meigs* v. *Roberts*, 162 N. Y., 371.

A board of assessors acting *de facto* can not levy a legal assessment. *Springfield* v. *Butterfield*, supra. Proceeding on an illegal assessment a condition is set up which the legislature by an attempted curative act can not validate.

To hold otherwise would be "to transfer the property of the former owner, not by force of a valid and binding sale for taxes, but by the declared will of the legislature that his title should pass from him and vest in the purchaser at a tax sale, which conferred no right.

"This the legislature have not the power to do, whether by direct and positve action, or by rendering valid and binding acts which were nugatory." *Conway* v. *Cable*, 37 Ill., 82, 90.

"There can be no doubt that legislatures have the power to pass retrospective statutes, if they affect remedies only. But they have no constitutional power to enact retrospective laws which impair vested rights, or create personal liabilities." *Coffin* v. *Rich*, 45 Me.,

507; *Berry* v. *Clary*, 77 Me., 482; *Bradford* v. *Brooks*, 2 Aikens (Vt.), 284.

"In whatever the defendant might have a vested right, it would not be competent for the legislature to destroy it." *Fales* v. *Wadsworth*, 23 Me., 553.

A legislature has not judicial powers, and may not pass any law which should take from any citizen a vested right. *Merrill* v. *Sherburne*, 1 N. H., 213.

A void tax can not be made valid by act of the legislature. *Tunbridge* v. *Smith*, 48 Vt., 648.

"Legislatures can not give force to illegal sales already made." *Forster* v. *Forster*, 129 Mass., 559.

"Without a valid assessment, the subsequent proceedings necessarily fall for the want of a basis upon which to rest." *March* v. *Chestnut*, 14 Ill., 223; Petition of Hearn, 96 N. Y., 378; *Stephan* v. *Daniels*, 27 Ohio St., 527.

A tax assessment, illegally imposed for want of jurisdiction, "is not in truth an assessment in any respect. Can not be enforced or collected as such in any lawful manner, and does not possess a single element of life or vitality," and the above is said regarding the collection of a tax after the enactment of a statute providing; "All assesments heretofore laid in said city . . . are hereby confirmed." *People* v. *Brooklyn*, 71 N. Y., 495.

A town, proceeding to assess taxes, is exercising powers of the state to it delegated. It may proceed only according to statute directions, and within limits by statute prescribed. And it may not avail itself of a curative statute in contravention of constitutional rights.

It follows, from reason and the logic of well-considered cases that the plaintiff can not collect on the assessments of 1924 and 1925.

Under the assessments for 1926 and 1927 the tax collector advertised and sold defendants' lands as "several distinct lots or parcels of land or rights, sold together at one sale instead of separately and distinctly as required by law," quoting from the agreed statement.

The town bid in the lands at the "sale"; took to itself deeds

thereof, but subsequently recognized them as ineffective and conveyed to defendants its interest in the lands as owner.

Thereafterward it brought the writ at bar.

The defenses urged to collection of the taxes for these two years in the present suit are that the taxes were extinguished by tax sale; and, secondly that "as a matter of estoppel and equity," plaintiff can not maintain an action for the taxes while yet retaining the proceeds of its settlement with the tax collector for the sales under the taxes levied.

A complete answer to the former of these defenses is that a sale for taxes, in contravention of the statute which provides the only legal method of making such sale is no sale for taxes, and "extinguishes" no tax.

As to the second defense, that of estoppel, this is of not much more moment.

Upon the several dates when sales of lands of non-resident owners for taxes of 1926 and 1927 were held, representatives of the town "bid in," in the name of the town, the lands announced by the collector as subject to sale, and subsequently, as a credit to their charge against the collector, of taxes committed to him, the municipal officers entered the amount of such taxes. The town received therefor deeds that might or might not convey to it lands of the defendants.

Finding, as the report states, that the conveyances under "tax sales" were void, the plaintiff town quitclaimed; but no title passed thereby, a cloud upon defendants' title only being removed.

The town received nothing at the collector's illegal sales; crediting the collector with the amounts of the 1926 and 1927 taxes on defendants' lands did not turn over to it anything which it now retains. Estoppel can not be maintained against the town in this suit.

The error in its account with the collector may even now be corrected by true entry.

These taxes have not been paid. The collector, or his bondsmen, may be forced to pay them to the municipal officers of the town and the collector may sue the owners for uncollected taxes on their lands, and have his day in court. Or, as in this case, the collector,

after being authorized in writing by the Selectmen of his town, may prosecute an action of debt for the taxes in the name of the town. The latter is the course pursued in the present case.

It is conceded by defendants that the several methods of collection authorized by the statutes are available in proper cases, at the option of the collector.

But, they contend that the statutory provision, "if any tax assessed on real estate . . . remains unpaid on the first Monday in February next after said tax was assessed, the collector shall sell at public auction so much of such real estate as is necessary for the payment of said tax," is mandatory, and that failure so to sell, or ineffective sale on the appropriate date extinguishes the tax, i.e., renders it not collectable.

Not so, the statute above cited expresses the method of perfecting the tax lien upon real estate.

It is mandatory as to day of sale, and unless complied with the tax collector loses the lien by statute provided for his protection.

He may not again offer these lands for those taxes. But the provision is only directory as to choice of this method by the collector.

The entry must therefore be, judgment for plaintiffs for $276.39, the 1926 tax, with interest from July 14 of that year, together with $258.51, the 1927 tax, with interest from June 29 of that year (interest on each tax to be computed to date of judgment), and for costs.

*So ordered.*