[Nos. 28309, 28251.  Department One.  June 21, 1941.]

R. W. MULHAUSEN, *Appellant*, v. JACK E. BATES, *as Commissioner of Unemployment Compensation and Placement, Respondent.*

THE STATE OF WASHINGTON, *on the Relation of R. W. Mulhausen, Plaintiff*, v. THE SUPERIOR COURT FOR THURSTON COUNTY *et al., Respondents.*[1]

[1]Reported in 114 P. (2d) 995.

*C. P. Borberg,* for appellant and relator.

*The Attorney General, Lyle L. Iversen* and *William J. Millard, Jr., Assistants,* for respondents.

BLAKE, J.—Pursuant to Rem. Rev. Stat. (Sup.), § 9998-106 [P. C. § 6233-306] (Laws of 1937, chapter 162, p. 582, § 6, as amended by Laws of 1939, chapter 214, p. 825, § 4), Robert Bruce Farmer filed claim for unemployment compensation. According to the claim, his last employer was R. W. Mulhausen, an individual doing business as R. W. Mulhausen Company, of Portland, Oregon, for whom he had been working as a salesman of oleomargarine. He was separated from his employment October 31, 1938. Parenthetically, it should be said here that he was discharged for misappropriation of funds belonging to Mulhausen.

The claim was disallowed on the ground that Farmer was not eligible for compensation, with the notation "No Wage Record." From this "Initial Determination" (Rem. Rev. Stat. (Sup.), § 9998-106 [P. C. § 6233-306] (b)) Farmer took an appeal to an "Appeal Tribunal" (Rem. Rev. Stat. (Sup.), § 9998-106 [P. C. § 6233-306] (d)).

The matter came up for hearing before the appeal tribunal September 19, 1939. After some evidence had been received, the hearing was continued, and was resumed November 4, 1939. Mulhausen was represented by counsel on both occasions. The principal

question presented for determination by the appeal tribunal was whether the relationship of employer and employee existed between Mulhausen and Farmer in contemplation of the definition of employment contained in the statute. Rem. Rev. Stat. (Sup.), § 9998-119 [P. C. § 6233-317] (g) (5) (Laws of 1937, chapter 162, p. 609, § 19). At the outset of the hearing, the appeal examiner stated:

"This supplemental determination was received by Mr. Farmer on August 15, 1939, and the appeal taken states that the claimant is a resident of Washington, was employed in Washington by R. W. Mulhausen Company from January 1, 1938 to November 1, 1938, that wages earned while thus employed do not appear on the claimant's determination, although this employer had over 80 employees in Washington over 20 weeks in 1938, and although claimant was under the control and direction of R. W. Mulhausen Company and although the services were performed in the usual course of business of that company, the claimant was not engaged in an independently established business."

And Mr. Borberg, counsel for Mulhausen, said:

"I would like the record to show that while R. W. Mulhausen Company appears here, they don't concede nor consent to their designation as an employer. Rather the attitude of the company is that there is no relationship of employee and employer that has ever existed between it and the appellant."

To facilitate the hearing, however, Mr. Borberg later stipulated:

"The R. W. Mulhausen Company stipulates that during all of the years of 1937 and 1938, there were during each of 20 weeks more than eight, not employees, but agents of the same class as the claimant in this case, performing the same services in the same manner and pursuant to the same contract as this claimant."

Thus, the necessity of proving that element of the definition of "employer" under the act was obviated.

Rem. Rev. Stat. (Sup.), §§ 9998-104 [P. C. § 6233-304] (e), 9998-119 [P. C. § 6233-317] (f).

At the close of the hearing on November 4th, the following colloquy occurred between the appeal examiner and Mr. Borberg:

"EXAMINER PRESTON: We would prefer on questions of law to have that briefed. Would you care to prepare a brief prior to a decision on the matter? MR. BORBERG: If the examiner desires it, I will brief it and file the brief. I would like to have time on it because I won't be able to do it within less than 15 days on account of other business. . . . EXAMINER PRESTON: Very well. The hearing will stand adjourned and the company will submit a brief on the questions of law within that time. A copy of the brief will be forwarded to the appellant and further time, if necessary, permitted for the appellant to submit a reply."

The appeal tribunal made its findings of fact and decision on November 13, 1939, without affording counsel the time stipulated for filing a brief. The decision was to the effect: That Farmer was an employee of Mulhausen within the meaning of the act (Rem. Rev. Stat. (Sup.), § 9998-119 (g) (5) (i), (ii), (iii)); that all other individuals employed under identical contracts and performing similar services for Mulhausen in this state are "deemed to have been in employment subject to the Act"; that Mulhausen, "in each of twenty different weeks within the years 1937 and 1938, had in employment eight or more individuals" in this state, and "is a subject employer" under the act; and that Farmer is eligible for benefits under the act.

Pursuant to Rem. Rev. Stat. (Sup.), § 9998-106 [P. C. § 6233-306] (e), Mulhausen petitioned to the commissioner of unemployment compensation for review of the decision of the appeal tribunal on the following grounds:

"That the findings of fact are contrary to the evidence, and the decision contrary to the law and the evidence in that the said claimant and all others in the class of which he was a member during the period of his so-called employment was and were independent contractors and not employees; and further, for the reason that the proceedings in relation to said matters concern only the claim of the said Robert Bruce Farmer, and that the Appeal Examiner was without jurisdiction to make the determination which was made, or any determination as to the liability of the so-called employer in respect of other individuals."

The petition for review was filed November 20, 1939. On November 30, 1939, the commissioner affirmed the decision of the appeal tribunal. From the decision of the appeal tribunal and the order affirming it, Mulhausen appealed to the superior court and, at the same time, filed a bill in equity and petition for a declaratory judgment. By this independent proceeding, Mulhausen sought: an injunction against the commissioner to restrain him from collecting any sums of money from him as an employer under the act; a reversal of the findings and decision of the appeal tribunal; a decree adjudging that the relationship of Farmer to him was that of an independent contractor and not that of an employee in contemplation of the act.

Upon motion of the commissioner, the superior court struck this bill in equity and petition for a declaratory judgment, and proceeded to hear the matter on appeal in accordance with the provisions of Rem. Rev. Stat. (Sup.), § 9998-106 [P. C. § 6233-306] (i). After a hearing of the matter on appeal, the superior court entered judgment affirming the order of the commissioner affirming the findings and decision of the appeal tribunal.

From that judgment, Mulhausen has appealed to this court. He has also made an original application for certiorari and prohibition to this court, by which he

seeks a review of the proceedings had before the department and the superior court and to restrain both the court and the department from proceeding further in the matter.

Before discussing the main issue, it is necessary to dispose of the questions raised by the application to this court for certiorari and prohibition and by the so-called bill in equity and petition for a declaratory judgment in the superior court.

*First.* Neither certiorari nor prohibition lies to the superior court, when acting within its jurisdiction, if there is an adequate remedy by appeal. Rem. Rev. Stat., §§ 1002, 1028 [P. C. §§ 7418, 8387]. *State ex rel. Miller v. Bell,* 157 Wash. 279, 289 Pac. 25; *State ex rel. Ernst v. Superior Court,* 198 Wash. 133, 87 P. (2d) 294. The unemployment compensation act (Rem. Rev. Stat. (Sup.), § 9998-106 (i)), specifically provides: "Appeal shall lie from the judgment of the Superior Court to the Supreme Court as in other civil cases." Since the statute specifically affords an adequate remedy by appeal, the application for writs of certiorari and prohibition will be denied.

*Second.* Likewise, the courts will not entertain a bill in equity nor a petition for a declaratory judgment designed to call for decision of a case for the determination of which a special statutory method has been provided. Borchard, Declaratory Judgments, 156. *Bradley Lumber Co. v. National Labor Relations Board,* 84 F. (2d) 97. Borchard says:

"Where, however, a *special statutory* method for the determination of the particular type of case has been provided, it is not proper to permit that issue to be tried by declaration. This would amount to ousting of its jurisdiction a statutory court prescribed for the particular case, and it was not intended that a declaration should be employed for such a purpose."

The unemployment compensation · act sets up a complete and exclusive statutory procedure for the determination of rights and liabilities arising under it. See *Abraham v. Department of Labor & Industries,* 178 Wash. 160, 34 P. (2d) 457. The court very properly dismissed appellant's bill in equity and petition for a declaratory judgment.

*Third.* We now come to the principal issue in controversy: whether Farmer was in the *employment* of Mulhausen in contemplation of Rem. Rev. Stat. (Sup.), § 9998-119 (g) (5), which provides:

"Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the director that:

"(i) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

"(ii) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprises for which such service is performed; and

"(iii) Such individual is customarily engaged in an independently established trade, occupation, profession or business, of the same nature as that involved in the contract of service."

In determining this question, as was said in *McDermott v. State,* 196 Wash. 261, 82 P. (2d) 568,

"It is unnecessary to determine whether the common law relation of master and servant exists between . . . [appellant] and [Farmer] because the parties are brought within the purview of the unemployment compensation act by a definition *more inclusive than that of master and servant.*" (Italics ours.)

This view of the statute has since been taken by most of the courts which have been called upon to

construe it. *Unemployment Compensation Commission v. Jefferson Standard Life Ins. Co.*, 215 N. C. 479, 2 S. E. (2d) 584; *Industrial Commission v. Northwestern Mutual Life Ins. Co.*, 103 Colo. 550, 88 P. (2d) 560; *In re Mid America Co.*, 31 Fed. Supp. 601; *Schomp v. Fuller Brush Co.*, 124 N. J. L. 487, 12 Atl. (2d) 702; *Creameries of America v. Industrial Commission*, 98 Utah 571, 102 P. (2d) 300; *Singer Sewing Mach. Co. v. State Unemployment Compensation Commission*, 103 P. (2d) (Ore.) 708; *Young v. Bureau of Unemployment Compensation*, 63 Ga. App. 130, 10 S. E. (2d) 412; *McKinley v. Payne & Son Lumber Co.*, 143 S. W. (2d) (Ark.) 38.

Almost without exception, the courts dealing with this definition of employment have approved not only the holding, but also the above-quoted language in the *McDermott* case; and have held that "employment" must be deemed to exist unless the person challenging such relationship establishes all three elements defined in subds. (i), (ii), and (iii). In *Industrial Commission v. Northwestern Mutual Life Ins. Co., supra,* the court, construing identical provisions, said:

"The third test as to exemption from coverage is that the 'individual' is customarily engaged independently in an established trade, occupation, profession or business. This would necessitate a showing by the company to the satisfaction of the commission that its agents are established in the business of selling insurance, independent of whatever connection they may have with the company. It may also have some bearing on those who work only part time in soliciting insurance and are customarily engaged in some other profession, business or occupation. We, however, emphasize that an individual who seeks exemption must satisfy the commission that the services which are performed by others meet the requirements of all three tests, and that a failure to conform to any one of them is sufficient to create statutory 'employment,' and such an 'individual' is covered under the act."

■ In reviewing the facts, it is also to be remembered that:

"We are constrained to hold that the administrative determination of the facts is conclusive on the court unless it be *wholly* without evidential support or *wholly* dependent upon a question of law, or clearly arbitrary or capricious."

*In re St. Paul & Tacoma Lumber Co.,* 7 Wn. (2d) 580, 110 P. (2d) 877.

■ The facts found by the appeal tribunal, which are supported by the evidence or by stipulation of counsel, may be summarized as follows:

R. W. Mulhausen is a wholesale and retail dealer in oleomargarine, with his principal place of business in Portland, Oregon. It should be said at this point that oleomargarine sold in this state is subject to an excise tax of fifteen cents a pound (Laws of 1931, chapter 23, p. 77) unless the sale is consummated in the course of interstate commerce. *Williams v. Hamilton,* 194 Wash. 64, 76 P. (2d) 1029. The appellant's sales in this state are made in a manner designed to bring them within the protection of the commerce clause of the Federal constitution. This is accomplished by making sales through "grocer-agents." These grocer-agents take orders from consumers, which they forward to the Portland office of appellant. In filling orders, the appellant makes up separate packages of oleomargarine, designating the name of the purchaser on each package. These packages are sent to the grocer-agents, who deliver them unbroken to the respective purchasers. Thus, the interstate character of the transaction is maintained.

In order to carry through the transaction in this manner, appellant maintains a considerable force of men in this state, of whom Farmer was one, to "contact" grocer-agents. These men devote their entire

time to the promotion and carrying on of appellant's business in this state, appointing and contacting grocer-agents. They work on a commission basis. Their duties are to pick up orders taken by grocer-agents from consumers. They constitute the medium by which the orders are transmitted to appellant's Portland office. Likewise, they constitute the medium through which the packages of oleomargarine reach the grocer-agents for delivery to the purchasers. Mulhausen consigns each package to himself. His representative picks it up and delivers it to the grocer-agent. The grocer-agent, after deducting an agreed commission, turns over to appellant's representative the purchase price which the former collects from the purchaser. The representative, after deducting his own commission, sends the balance of the purchase price to appellant. Receipt and order forms furnished by appellant to his representatives designate "R. W. Mulhausen Company" as *vendor*. Appellant establishes quotas of sales which he expects and urges his representatives to make during given periods.

Farmer's territory consisted of the Yakima valley from Easton to Prosser. He was not permitted to engage in business on his own account nor go out of his designated territory for business on appellant's account. His full time, however, was devoted to the carrying on of appellant's business of selling oleomargarine in the Yakima valley. He picked up orders and delivered packages in accordance with appellant's method of doing business, as above outlined. As the authorized representative of Mulhausen, he received shipments which appellant consigned to himself. He was required to furnish a surety bond and to take out liability insurance upon his automobile, with appellant named as an additional assured.

That the relationship between appellant and Farmer

was one of "employment" in contemplation of Rem. Rev. Stat. (Sup.), § 9998-119 (g) (5) (i), (ii), (iii), as construed in *McDermott v. State, supra,* cannot be questioned. But appellant insists that, under the holding of this court in *Washington Recorder Pub. Co. v. Ernst,* 199 Wash. 176, 91 P. (2d) 718, 124 A. L. R. 667, Farmer was an independent contractor. With this view, we cannot agree. There is a patent distinction between the facts of this case and that which renders that decision valueless as authority in determining the question as now presented.

The basis for the decision in the publishing company case was that the relation of vendor and purchaser existed between the publishing company and the paper carriers; that the carriers *bought and became the owners* of the commodity (newspapers) and sold it on their own account. Here, the facts show a situation exactly opposite. It was the essence of appellant's method of doing business that he maintain the position of vendor to the ultimate consumer (the purchaser) as vendee. To admit any different conclusion, the appellant would lose the protection of the commerce clause of the Federal constitution. If Farmer were held to be a vendee, the transaction would lose the attribute of interstate commerce. That attribute can be maintained only by the transportation, in the original package, of the commodity from without the state to the ultimate purchaser within the state. Indeed, this consequence was explicitly recognized on one occasion by appellant himself. Farmer was arrested for selling oleomargarine illegally. Appellant advised him to plead guilty, and reimbursed him for the fine and costs. We are of the opinion that the relationship of employer and employee existed between appellant and Farmer.

*Fourth.* Though no particular emphasis is

placed upon it, the suggestion has been made that Farmer is not entitled to benefits under the act because he was discharged for misappropriating funds of his employer. The statute itself provides the penalty in such instances, which is a deferment of the right to benefits—not a denial. Rem. Rev. Stat. (Sup.), § 9998-105 [P. C. § 6233-305], provides:

"An individual shall be disqualified for benefits:

. . .

"(b) For the calendar week in which he has been discharged for misconduct connected with his work, if so found by the commissioner, and for not less than the two nor more than the five weeks which immediately follow such week (in addition to the waiting period), as determined by the commissioner in each case according to the seriousness of the misconduct." Laws of 1937, chapter 162, p. 580, § 5, as amended by Laws of 1939, chapter 214, p. 823, § 3.

*Fifth.* Appellant complains that the decision was made by the appeal tribunal and affirmed by the commissioner without his having had an opportunity to be heard in argument or by brief.

All that appears in the record concerning this is the colloquy we have quoted between the trial examiner and Mr. Borberg at the close of the hearing before the appeal tribunal. From that, it is apparent that counsel waived oral argument. He would submit a brief "if the examiner desires it." In his notice of appeal to the commissioner, which was very explicit, appellant made no claim that he had been denied the right of argument.

While appellant complains that he was also denied the right of argument before the commissioner, we can find nothing in the record upon which such a claim of error could be predicated. The first time such a complaint was made was in the bill of equity and petition for a declaratory judgment, which has been

stricken. In this record on appeal, we are unable to find any suggestion that the point was raised in the superior court at any time. With such a condition of the record, we think appellant must be held to have waived whatever ground for complaint he might have had by reason of the decision of the appeal tribunal's being entered before the time had expired within which he could file a brief.

■ *Sixth.* After finding that appellant, in each of twenty different weeks of the years 1937 and 1938, had in employment eight or more individuals within the state and is a subject employer within the meaning of the act, the decision of the appeal tribunal continued:

*"The Field Section of the Unemployment Compensation Division is directed to audit and set up the necessary and proper employer account."* (Italics ours.)

This direction was beyond the scope of the inquiry and should be stricken from the decision.

The jurisdiction of the unemployment compensation division was invoked by Farmer's claim to benefits under the act. In passing on his claim, it was, of course, necessary to determine whether Mulhausen was an employer subject to the act—for, unless he was, Farmer was not entitled to benefits under the act. Rem. Rev. Stat. (Sup.), § 9998-104 (e). The determination of that fact, however, was merely an incident to the decision of the basic issue: whether Farmer was entitled to benefits under the act.

In this proceeding, there was no ground for the entry of an order affecting the rights of Mulhausen. Except in this particular, the judgment will be affirmed. The cause will be remanded to the superior court, with

278

direction to modify to that extent the decision of the appeal tribunal as affirmed by the commissioner.

MAIN, BEALS, and DRIVER, JJ., concur.

SIMPSON, J., concurs in the result.