RICH MANUFACTURING COMPANY, also known as RICH ILLINOIS MANUFACTURING COMPANY, appellee, v. O. P. PETTY et al., appellants.

No. 47659.

(Reported in 42 N.W.2d 80)

APRIL 4, 1950.

REHEARING DENIED JUNE 19, 1950.

Jasper W. Morgan, John W. Carlsen and Homer I. Smith, all of Clinton, and Herrick & Langdon, of Des Moines, for appellants.

Holleran & Holleran, Prentice N. Shaw and E. C. Halbach, all of Clinton, and Lane & Waterman, of Davenport, for appellee.

MULRONEY, J.—Plaintiff-corporation sued the members of the local board of review for the city of Clinton, the members of the Clinton County Board of Supervisors, the mayor and the

members of the city council of the city of Clinton, and the members of the school board for the independent school district of the city of Clinton. The petition alleged that plaintiff had appealed to the local board of review from the assessor's valuation of its city realty, and received some reduction, but the board's assessment was invalid because the board was illegally constituted in that the board was composed of members who were "not properly qualified or proper persons to be appointed to said board", within the provisions of section 405.13, Code, 1946.* The petition alleged one board member was not a freeholder, all three were residents of Clinton township (and there are three townships in the city of Clinton), and no member was a licensed real estate broker. There was also an allegation that the board should consist of five instead of three members. The plaintiff prayed that the court declare the board's assessment invalid because the purported local board of review was illegally, improperly and wrongfully constituted and that the court declare that there is no validly appointed and existing local board of review in Clinton. In addition to the declaratory relief plaintiff prayed for a writ of injunction against all of the defendants to restrain them from proceeding to levy or collect any tax based upon the assessed valuation fixed by the purported local board of review. We will refer to other allegations of the petition later.

The petition was met with a motion to dismiss, filed by all of the defendants. The trial court overruled the motion, and because it was felt that decision involved important questions of public concern we allowed appeal in advance of final judgment.

I. Plaintiff urges that the city assessor exceeded his authority by assessing plaintiff's property May 31, 1949, and later (on June 6) reassessing it at a still higher figure. Code section 405.20, Code, 1946, provides: "The assessment shall be completed not later than April 30. * * * No changes shall be

---

*Section 405.13, Code, 1946, provides, in part, as follows:

"As nearly as possible, this board shall consist of one licensed real estate broker, one registered architect, and three other persons, all of whom shall be resident qualified electors and freeholders. In cities embracing more than one township, the members of said board shall be selected in such number or numbers from each of said townships so as to give each of said townships the highest possible numerical representation."

made on the assessment rolls after May 1 except by order of the local board of review or by decree of court."

This and other preceding and following sections were enacted in 1941, Acts of Forty-ninth General Assembly, chapter 202. In Younker Bros. v. Zirbel, 234 Iowa 269, 12 N.W.2d 219, 151 A. L. R. 542, we held what is now Code section 405.20 (and other related provisions) to be directory and not mandatory. That case involved the legality of the acts of the local board of review (beyond the statutory time limitation) rather than of the assessor. However, we deem the reasoning applicable here despite the closing mandatory language: "No changes shall be made * * * after May 1 except by order of the local board of review or by decree of court." Under it any untimely act of the assessor in raising or lowering an assessment would be subject to the approval of the board just as any such action by the board could be reviewed by appeal to the court. Younker Bros. v. Zirbel, supra, 234 Iowa at page 276.

■ II. The plaintiff alleges in its petition that "the defendants O. P. Petty, A. H. Morrell and Alfred Mommsen are the alleged or purported acting members of the alleged Local Board of Review of Assessments of the City of Clinton, Iowa, for the purpose of exercising powers conferred by the Iowa 1946 Code section 405.21 as respects assessments for taxes for the year 1949 and following years" and that said defendants "purport to be and act as members of the Local Board of Review * * * and claim appointment by the appointive board authorized by law to so act as such board in the city of Clinton."

In other words the petition shows on its face that the above named defendants were the members of the board that was appointed and did act and exercise the powers conferred by law on the local board of review. The only attack is that they were not "qualified or proper persons to be appointed to said board of review." They were at least de facto officers, under the allegations of the petition, in possession and discharging the duties of their offices under color of authority. State v. Central States Elec. Co., 238 Iowa 801, 28 N.W.2d 457.

The statutes provide for the appointment of the members of the local board at a joint meeting of the members of the school board, board of supervisors and city council. Chapter 240, sec-

tion 17, Acts of the Fifty-second General Assembly, and section 405.13, Code, 1946. Because of the reference in said section 17 to the earlier statute for procedure for selection there might be some doubt as to the number and qualification requirements of board members. And there might be some doubt as to whether the statute with respect to the qualifications of board members is mandatory or directory. But the question is quite immaterial in the view we take of the case. The question as to whether the appointing tribunal heeded statutory direction in deciding qualifications need not be determined, for a declaration on that question would decide no contested right of the plaintiff.

III. Plaintiff, in effect, admits the petition shows on its face that the board members were de facto officers. But plaintiff claims the right to assert the invalidity of their acts even though they were de facto officers and asks the court to declare "that the plaintiff has been wrongfully deprived of its rights to have its protest heard and acted upon by a duly and properly constituted" board. Plaintiff recognizes the general rule as to the validity of the acts of de facto officers, but states "the usual rule relative to the validity of the actions of a de facto officer does not apply in tax proceedings founded upon an assessment and collection of taxes as such cases are an exception to the de facto rule or doctrine."

We discover no such exception in the law with respect to the acts of de facto officers. The general rule as stated in 61 C. J., Taxation, section 740, is:

"As a general rule, notwithstanding an irregularity in his title to office arising from his election or appointment thereto, or in the matter of his qualification, if an assessor of taxes is in actual possession and administration of the office so as to be entitled to the character of an officer de facto the assessment which he makes is valid and legal. This rule applies to acts of deputy assessors, disqualified by reason of holding another office, or otherwise. Generally this rule applies to the acts of a board of assessors, but it has been held that a de facto board of assessors, or a board, a member of which is a de facto assessor, cannot assess a valid tax."

The cases plaintiff cites in support of its argument for

the "exception" are Inhabitants of Springfield v. Butterfield, 98 Maine 155, 56 A. 581, and Inhabitants of Otisfield v. Scribner, 129 Maine 311, 151 A. 670. These early Maine cases are the cases cited in the footnote to the Corpus Juris rule, above-quoted; for the last statement in the quotation to the effect that some courts have held contra to the general rule that the acts of de facto assessors and boards are valid. Perhaps the decisions could be accounted for by the particular provisions of the Maine statutes involved. It would seem Maine recognizes the validity of a de facto tax collector. See Inhabitants of Greenville v. Blair, 104 Maine 444, 72 A. 177. In any event, we do not find where these authorities have engrafted an exception that allows the acts of assessors to be challenged if they were de facto instead of de jure officers.

In 51 Am. Jur., Taxation, section 1246, the rule is stated that "the validity of a tax cannot be contested on the ground that the assessors were not regularly appointed, if it appears that they acted and were recognized as such."

In Howard v. Burke, 248 Ill. 224, 230, 93 N.E. 775, 777, it is stated:

"Judicial decisions are practically a unit in holding that the acts of officers de facto, so far as they affect third parties or the public, in the absence of fraud, are as valid as those of officers de jure. This is a wise and salutary rule. This being so, equity will not enjoin the collection of a tax levied in proper form by officials who are acting as de facto officers. Schofield v. Watkins, 22 Ill. 66; Merritt v. Farris, 22 Ill. 303; Metz v. Anderson, 23 Ill. 463, 76 Am. Dec. 704; Union Trust Co. v. Weber, 96 Ill. 346; Sharp v. Thompson, 100 Ill. 447, 39 Am. Rep. 61."

In Blewett v. Richardson Ind. Sch. Dist., Tex. Civ. App., 230 S.W. 255, 256, the opinion states:

"There being a de jure office, and he having discharged the duties of it, holding possession, having color of title, and the public generally acquiescing in his possession of it, he was at least a de facto officer. Being such, and the de jure nature of the office being unquestioned, we are of the opinion that his

official acts as tax assessor are binding, and validity will be fully imputed to them."

No such exception exists in this state. In Allen v. Armstrong, 16 Iowa 508, 515, Justice Dillon, speaking for the court, stated:

"The same principle applies to the objection, that the assessor was not qualified when he made the assessment in question. It is not denied that he was the assessor de facto. He was acting under color of office. The law in so many words (§786) declares that his acts shall have the same validity as if he were an officer de jure. This concludes the matter. Such a provision is not unusual. And without any such provision, it is an everyday matter where rights of the public or third persons are concerned, to treat acts of officers de facto as valid. Ex parte Strahl, ante; Blackwell, 123."

While the concluding statement in the above might be considered dictum it is sound and in accord with the general rule that the assessment by de facto officers is valid. This leaves plaintiff with a petition which admittedly shows an assessment that was valid—in the sense that it was made by de facto officers—seeking a declaration that it was invalid because not made by de jure officers. Ground 2 of the motion to dismiss asserted that in any event the petition showed the de facto status of the officers and consequently the validity of the assessment. Insofar as plaintiff sought a declaration that the assessment was invalid because not made by a "properly constituted" (construed by plaintiff to mean, de jure) board, the ground of the motion was good and should have been sustained.

IV. What then is left in plaintiff's petition? There are allegations that the board's assessment was "greatly in excess of the actual value of said real estate * * * inequitable * * * unjust" etc., and the prayer that the court declare the assessment illegal and, of course, for "further relief that may be just in the premises." Ground 4 of the motion was to the effect that "insofar as plaintiff seeks to question the assessor's valuation of its property or the validity of said assessment, the law has provided an administrative remedy therefor, by protest to the board of review and appeal therefrom to the district court and

that remedy is exclusive and the only remedy available to the plaintiff here." The ground was good. Section 405.22, Code, 1946, provides that a property owner can protest his assessment to the board of review. Sections 405.24 and 405.26 provide that he can appeal from the board's assessment, within twenty days after the board's adjournment, to the district court, where the trial shall be in equity and the court shall determine anew all questions arising before the board which relate to the liability of the property to assessments (section 442.7).

In Griswold Land & Credit Co. v. County of Calhoun, 198 Iowa 1240, 1245, 201 N.W. 11, 13, we said of these statutes:

"The rule to be deduced from the various provisions of the statute and the decisions of this court is that, unless the tax is illegal because levied without statutory authority, or levied upon property not subject to taxation, or by some officer or officers having no authority to levy the same, or is in some similar respect illegal, the exclusive remedy of the taxpayer is to complain to the board of review, and, in the event that he is denied relief, then to appeal to the district court."

While the existence of another remedy does not preclude a court from granting declaratory relief, the relief must be denied in a case where there is a complete remedy otherwise provided by law and intended to be exclusive. 16 Am. Jur., Declaratory Judgments, section 21; 12 A. L. R. 76; 50 A. L. R. 48; Black v. Utter, 300 Ky. 803, 190 S.W.2d 541; 29 Iowa L. Rev. 67; Mulhausen v. Bates, 9 Wash.2d 264, 270, 114 P.2d 995, 997; Borchard, Declaratory Judgments, Second Ed., 302, 342. In Mulhausen v. Bates, supra, it is stated:

"Likewise, the courts will not entertain a bill in equity nor a petition for a declaratory judgment designed to call for decision of a case for the determination of which a special statutory method has been provided. Borchard, Declaratory Judgments, 156; Bradley Lumber Co. v. National Labor Relations Board, 5 Cir., 84 F. 2d 97. Borchard says:

" 'Where, however, a special *statutory method* for the determination of the particular type of case has been provided, it is not proper to permit that issue to be tried by declaration. This would amount to ousting of its jurisdiction a statutory court

prescribed for the particular case, and it was not intended that a declaration should be employed for such a purpose.' "

Mr. T. M. Ingersoll in his article on Declaratory Judgments in 29 Iowa L. Rev. at page 67, states: "* * * many statutory forms of review, involving taxes, unemployment security compensation, and other decisions of administrative tribunals, are exclusive and not subject to the procedure for declaratory judgments."

We do not mean to hold that in all controversies respecting taxes, or controversies designed to test the powers and duties of taxing officials, the declaratory judgment action would not be proper. Declaratory judgment acts are progressively receiving liberal interpretations at the hands of the courts. See Borchard, Declaratory Judgments, Second Ed.; also new topic, Declaratory Judgments, Fifth Decennial Digest. But where, as here, the statutes that create the tax confer upon taxpayers the right to judicial review, intended to be exclusive, then an appropriate case for declaratory relief is not presented. Had plaintiff been right in its first premise, that an assessment is invalid if levied by de facto instead of de jure officers, then, accepting the allegations of the petition as true, the petition would not perhaps be vulnerable to the motion. It is our holding that the petition shows the de facto status of the board—and plaintiff does not argue otherwise—and our holding that assessments of de facto assessors are valid that render the petition a plain case of seeking the remedy of a declaration, when the law has provided another exclusive remedy.

A case much in point is Richfield Oil Corp. v. City of Syracuse, 287 N. Y. 234, 239, 242, 39 N.E.2d 219, 221, 222, where, in a declaratory judgment action the assessment was challenged on the ground the taxing statute was unconstitutional, and on other grounds. The Court of Appeals of New York in its opinion stated:

"An action for a declaratory judgment may be maintained, despite the provisions of a taxing statute which provide that the method of judicial review prescribed therein shall be exclusive, where the jurisdiction of the taxing authorities is challenged on the ground that the statute is unconstitutional or that

the statute by its own terms does not apply in a given case. * * * But where it is sought to set aside the assessment on other grounds, then the assessment may be reviewed only in the manner provided in the statute." (Citing cases.)

After considering the constitutional objections the New York court went on to hold that the taxing statute was constitutional and that the action for declaratory judgment could not be maintained, stating:

"No other objections are urged to the constitutionality or applicability of the statutes governing the special assessments here sought to be reviewed by the plaintiffs. It follows, therefore, that there existed an exclusive avenue of review which was open to the plaintiffs but which they have not followed by the commencement of the action at bar. The problem of taxation to pay for local improvements is one requiring not only just decisions, but also speedy and certain decisions. The statute provides the exclusive method of judicial review to the end that the validity of assessments when once levied may be speedily determined. The court is without power to grant special dispensation from the restrictions of the statute and, therefore, the complaints at bar were properly dismissed."

We have not touched on questions of waiver or estoppel based on the showing in the petition that plaintiff appealed to the board, and secured a reduction, and the argument of defendants that it thereby waived the right to question the validity of the board's assessment on the ground it was illegally constituted. We are content to rest our decision on the ground that the petition shows on its face that the action was not appropriate for declaratory relief, within the meaning of the declaratory judgment rule, because the law has prescribed other exclusive remedies for the relief and declarations sought.

For the reasons stated, the cause is reversed with instructions that the motion to dismiss be sustained.—Reversed.

All Justices concur.