SUPERIOR LIFE, HEALTH AND ACCIDENT INSURANCE CO., PROSECUTOR, v. THE BOARD OF REVIEW OF THE UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY AND FRED W. DeWITT, RESPONDENTS.

HOME INSURANCE COMPANY OF NEW YORK, PROSECUTOR, v. THE BOARD OF REVIEW OF THE UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY AND FRED W. DeWITT, RESPONDENTS.

Argued October 7, 1941—Decided January 21, 1942.

538

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutors, *Ralph N. Kellam.*

For the respondents, *Clarence F. McGovern.*

The opinion of the court was delivered by

PORTER, J. The question for our determination is whether or not Fred W. DeWitt was employed by the prosecutor within the meaning of the Unemployment Compensation Law (*N. J. S. A.* 43:21-19, *sub. i, 6*). The prosecutors are engaged in various branches of insurance. They are closely associated and operate in many places by maintaining joint offices with the same superintendent in charge for both companies and with agents usually likewise representing both companies. It appears that DeWitt represented both companies. He was employed to make collections of premiums due from certain policy holders located within an area consisting of several municipalities within this state and to sell insurance to any one he could within that area. He was paid for his services in making the collections a certain percentage of the amount collected and was paid a stated amount for new business obtained. He was obliged to report to prosecutors periodically and to account for his collections. He was authorized in rendering his accounts to deduct from his collections the amount due him for his remuneration. He was prohibited from engaging in any work competitive with or prejudicial to the interest of prosecutors but was otherwise free to engage

in other work. He was free to arrange his route, means of transportation, hours of work, and means and methods of obtaining new business. Prosecutors furnished him with advertising matter and an account book. The services were terminable by either side upon notice or by the employer if the contract be breached by claimant. In this case the prosecutors terminated the connection claiming a breach of the contract by DeWitt in that he did not account for all collections made. His connection with the prosecutor covered a period of slightly over a year.

DeWitt made claim for benefits under the statute, *supra*, based upon his contention that he had been employed by both companies as an agent soliciting business and making collections in charge of a so-called "debit" of about 300 accounts.

The appeal tribunal of the Unemployment Commission of this state concluded that the claimant was an employee of the prosecutors and was therefore entitled to the unemployment compensation as provided by the statute. An appeal by the prosecutors to the Board of Review of the said Commission resulted in an affirmance. The writs of *certiorari* review that finding.

The statute, *supra*, uses the word employment as meaning an individual who performs services for remuneration except those that fall within three classes, as follows (*sub. i,* 6 of *N. J. S. A.* 43°:21-19): "(A) such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and (B) such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) such individual is customarily engaged in an independently established trade, occupation, profession or business."

We think that the proofs established that the claimant was employed by prosecutors and that the nature and conditions of his employment and the services performed do not come within any of the stated exceptions. He was under the control and direction of prosecutors. He was instructed what

to do. His work was well defined. He was to collect premiums he was informed were due from named policy holders at stated addresses. He was given advertising matter and so acquainted and instructed with what he was engaged to sell, contracts of insurance, under certain terms and conditions. He could not deviate from those instructions. The services he was engaged to perform were at all times under the control and instruction of the employer. That he was not controlled nor instructed as to his working hours and the details of the route he was to take and the means of transportation he was to use do not, in our opinion, under the circumstances, establish the fact that claimant was not under control and instructions within the meaning of the statute. Nor do we think that the facts bring claimant within the exception "B" which relates to whether or not the services were performed outside of the usual course of such business. This business for which he was engaged was the selling of insurance to any one within a stated area and the collection of premiums there. The services were performed within that area in the usual and customary manner. Clearly the "business of the enterprise," using the words of the statute, was at no fixed place but the services were to be performed at any place within the prescribed area where the policy holders were located and where new business was to be solicited.

We also conclude that claimant does not come within the exception "C." He was not engaged independently in following any profession, trade or occupation as defined in that section of the statute. In fact he had no previous experience in collecting premiums or in selling insurance. It was not his profession, trade or occupation. It became his occupation only by reason of the employment as we have seen and it was under the control and instruction of the employer. Not independent as meant by the statute. We think this is so despite the fact that he was obliged to obtain a license from the state to qualify him to sell insurance. That fact alone does not establish his status as one engaged in an independently established business, &c., any more than one employed as a driver of an automobile with a license to drive would be.

Statutes uniform to the one under discussion have been

enacted in many of our sister states. The decisions of the various courts and Federal Bureau of Internal Revenue on the identical question raised in the instant case are not in accord. Some hold to the views herein expressed and some do not. However, the law has been established in this state in a case where the facts are analogous to the instant case and which is controlling. *Schomp* v. *Fuller Brush Co.,* 124 *N. J. L.* 487; *affirmed,* 126 *Id.* 368.

The judgment under review will be affirmed, and the writs dismissed, with costs.