[No. 29440. *En Banc.* April 13, 1945.]

M. W. CURTIS, *Appellant,* v. E. B. RILEY, *as Commissioner of Unemployment Compensation and Placement, Respondent.*[1]

*Dodd & Russell,* for appellant.

*The Attorney General* and *George W. Wilkins, Assistant,* for respondent.

JEFFERS, J.—This case was instituted by the commissioner of unemployment compensation and placement on October 22, 1942, by service on Curtis Realty Company, a corporation, on the date last mentioned, of an order and notice of assessment demanding payment of $338.92, as delinquent contributions due the unemployment compensation fund for the period of July 1, 1941, through June 30, 1942, from the corporation.

As in the case of *Broderick, Inc. v. Riley, ante* p. 760, 157 P. (2d) 954, such contributions were assessed on the unemployment compensation division's contention that certain real estate brokers were performing services which constituted "unemployment" for Curtis Realty Company (hereinafter referred to as appellant), and that appellant was liable for contributions based on commissions earned by such brokers.

Appellant petitioned for a hearing on this assessment, alleging in support of such petition that the brokers were not in fact in the employ of appellant, and were not in "employment" of appellant under the unemployment compensation act; that each of the persons for whom an assessment was made was a licensed real estate broker under the laws of this state, was not under the control of appellant, but, in his contractual relation with appellant, was an independent broker engaged with appellant in a joint enterprise.

After a hearing, the appeal tribunal, on August 25, 1943, made and entered its findings of fact, conclusions, and decision, holding that the brokers here involved performed services for appellant for wages, as that term is defined in the act, and come under the provisions of the act, unless they are exempt under Rem. Supp. 1943, § 9998-119g (5) (i) (ii) (iii), and that appellant had failed to show that the services performed by these brokers came within any of the exemption tests set out in the subsection last above referred to; and concluding that the brokers were in "employment" of appellant, that contributions are properly payable on the commissions earned by such brokers, and that the sum of $338.92 is due from appellant for the period heretofore referred to.

Appellant filed a petition for review by the commissioner alleging: (1) that the findings of the appeal examiner were against the sub-

[1]Reported in 157 P. (2d) 975.

stantial evidence. The examiner failed to follow such evidence, or reasonable inference therefrom, as to the independent relationship of these parties, or the futility of a broker on commission receiving benefits of the act; (2) that the findings of the appeal examiner were arbitrary and capricious; (3) that the findings of the appeal examiner were in error as a matter of law.

On September 16, 1943, the commissioner made and entered his decision, adopting the findings of fact and conclusions of law of the appeal tribunal, and affirming its decision.

Appellant appealed to the superior court for King county, which court, after reviewing the record and hearing arguments, made and entered its judgment on this and two other cases on appeal before this court (*Broderick, Inc. v. Riley, ante* p. 760, *In re Coppage, ante* p. 802, 157 P. (2d) 977), affirming the commissioner's decision in all of these cases. This appeal was taken from the judgment entered.

It is contended that the court erred in holding the brokers associated with appellant to be "employed" by appellant within the purview of the unemployment compensation act, and in entering judgment for respondent.

Practically the same contentions were made by the respective parties in this case as were made in the *Broderick, Inc.* case, and the same authorities cited. No question was raised as to the amount of the assessment if these brokers were determined to be in "employment" of appellant under the act.

The same questions are presented in this case as were presented and considered in the *Broderick, Inc.* case. No purpose would be served by setting out the evidence in this case, as it is in all essential particulars the same as that in the case of *Broderick, Inc. v. Riley, supra.*

On the authority of the case last cited, and for the reasons therein stated, the judgment of the trial court in this case must be and is reversed, with instructions to enter judgment dismissing this proceeding.

BEALS, C. J. STEINERT, ROBINSON, and SIMPSON, JJ., concur.

MILLARD, J. (concurring in the result)—I concur in the result for the reasons given in dissent in *Mulhausen v. Riley, ante* p. 811, 157 P. (2d) 938, and my concurring opinion in *Broderick, Inc. v. Riley, ante* p. 760, 157 P. (2d) 954, and the reasons given in *Washington Recorder Pub. Co. v. Ernst,* 199 Wash. 176, 91 P. (2d) 718.

MALLERY and BLAKE, JJ., dissent.

GRADY, J. (dissenting)—I dissent for the reasons set forth in my dissenting opinion in *Broderick, Inc. v. Riley, ante* p. 760.