[No. 29511.   Department Two.   April 24, 1945.]

THE UNEMPLOYMENT COMPENSATION DEPARTMENT, *Respondent*, v. PAUL JOHN HUNT, *Appellant.*[1]

[1]Reported in 158 P. (2d) 98.

*Lewie Williams* and *Fred'k R. Burch,* for appellant.

*The Attorney General* and *George W. Wilkins, Assistant,* for respondent.

MALLERY, J.—This is an appeal by an employer from a judgment of the superior court for King county which affirmed an order of the division of unemployment compensation and placement determining the amount of contribution due and owing by the employer to the unemployment compensation fund. The facts are the same as in *Unemployment Compensation Department v. Hunt,* 17 Wn. (2d) 228, 135 P. (2d) 89, excepting that the assessment is for a subsequent period to that there involved.

The appellant, Paul John Hunt, operates as an individual in drilling test wells for gas and oil in the state of Washington. In connection therewith, he sells to residents within the state leasehold interests in the land to be tested under authority issued to him by the state director of licenses. He is required to use sixty-five per cent of the gross proceeds from such sales in the drilling of test wells, and the balance of thirty-five per cent is used for overhead expenses, such as commissions and office rent. He engages the services of individuals under oral agreements to act as salesmen for him. They receive fifteen or twenty per cent commissions on the gross amount of sales as remuneration for their services. They are not required to devote any specified amount of time to the business and may report to appellant regularly or not as they wish. They pay their own expenses and may engage in other activities. They are furnished with names of prospects and may call on them if they so desire.

We quote the appellant's assignments of error:

"The trial court was in error in its holdings as follows:
"1. That the legislature can redefine any known and accepted entity in the application of the law by inserting said redefinition in the body of the Act without the fact of such insertion being clearly expressed in the title of the Act.
"2. That defendant's sales agents are not selling an interest in real estate and are not exempt from the provisions of

the Unemployment and Placement Act by chapter 65 of the Washington Laws of 1943, page 119.

"3. That the legislature is empowered to pass a law granting to any citizen, class of citizens, or corporation privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

Under his first assignment, the appellant contends that his agents are independent contractors and that the status of employer and employee, or master and servant, cannot be attributed to them; that the unemployment compensation act undertakes to give its own definitions of the foregoing legal entities in the body of the act which are directly in conflict with the commonly accepted definitions and yet makes no mention therein in the title of the act; that this omission renders the act unconstitutional for that reason.

■ The statute was enacted pursuant to a public policy unknown to the common law. It is not concerned with the rules worked out for determining contract and tort liability as between the parties under the common law. It does not purport to define any service relationships for that purpose. They remain unaffected by the act. We have repeatedly held that we need not inquire as to what the common-law relationship was, since the act included a more extensive field than that covered by common-law definitions. See *McDermott v. State*, 196 Wash. 261, 82 P. (2d) 568; *Mulhausen v. Bates*, 9 Wn. (2d) 264, 114 P. (2d) 995; *In re Foy*, 10 Wn. (2d) 317, 116 P. (2d) 545; *Sound Cities Gas & Oil v. Ryan*, 13 Wn. (2d) 457, 125 P. (2d) 246; *In re Hillman Inv. Co.*, 15 Wn. (2d) 452, 131 P. (2d) 160; *Unemployment Compensation Department v. Hunt*, 17 Wn. (2d) 228, 135 P. (2d) 89.

■ The only employment defined by the act is the employment intended to be covered by the act for the purpose of the act and none other. That purpose is included in the title of the act. Appellant's point is not well taken.

■ Under his second assignment of error, the appellant contends that his agents are selling an interest in land, are real estate agents, and the provisions of the act under chap-

ter 65, p. 119, Laws of 1943 (Rem. Supp. 1943, § 9998-119g (xiv)), which are as follows,

"The word 'employment' as used herein shall not include services performed by real estate broker, real estate salesman, or real estate agent to the extent that he is compensated by commission,"

apply to him.

He concedes that, while that provision was not yet in effect during the time covered by the assessment, it is nevertheless retroactive and therefore excluded him from the act. We agree that his agents are selling real estate, but the provision relied on is not retroactive. As was said in *Cowiche Growers, Inc. v. Bates,* 10 Wn. (2d) 585, 117 P. (2d) 624:

"However, we cannot agree that the 1941 act indicates what the legislature meant by the term 'agricultural labor' in either the 1937 or 1939 acts, nor do we believe the 1941 act is applicable here. We agree with the trial court that the 1941 act is purely an amendment of the 1939 act, and cannot be considered as interpretative or explanatory of either the 1937 or 1939 act. See *Unemployment Compensation Division v. Valker's Greenhouses,* 70 N. D. 515, 296 N. W. 143, at 146. We are rather of the opinion the 1941 amendment was enacted because of conditions called to the attention of the legislature, which it did not have in mind at the time the former acts were passed. We are of the further opinion that the 1941 act is not available to appellants, for the reason that it did not become effective until June 12, 1941. *This act does not purport to be retroactive, and cannot therefore be operative before its effective date.*" (Italics ours.)

▉ Under his third assignment of error, the appellant contends that the act is unconstitutional because it denies privileges and immunities to individuals which are freely granted to others. He cites Rem. Rev. Stat. (Sup.), § 9998-119a (g) (5):

"(5) Services performed by an *individual* for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the commissioner that:

"(i) Such *individual* has been and will continue to be free from control or direction over the performance of

such service, both under his contract of service and in fact; and

"(ii) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprises for which such service is performed; and

"(iii) Such *individual* is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the contract of service."

He contends that services performed by some legal entity other than an individual would not be under the act, while services performed by individuals as such would be, and that this constitutes an unconstitutional discrimination.

It is true the individual is the unit upon which assessments for the unemployment compensation fund are computed. Since, however, the individual is the lowest common denominator and every legal entity will merely comprise a multiple of that common denominator, the distinction which appellant attempts to make is without significance and does not constitute a discrimination.

The judgment is affirmed.

BEALS, C. J., BLAKE, ROBINSON, and SIMPSON, JJ., concur.

---

June 12, 1945. Petition for rehearing denied.