796

JOHNSON v. ALTMEYER et al.

No. 908.

District Court, W. D. Kentucky,
Louisville Division.

Dec. 31, 1945.

Jones, Keith & Jones, of Louisville, Ky., for complainant.

David C. Walls, U. S. Atty., of Hardinsburg, Ky., and A. Roy Copeland, Asst. U. S. Atty., of Louisville, Ky., for defendants.

MILLER, District Judge.

The complainant, Charles K. Johnson, became 65 years of age on September 22, 1943, at which time his employment with the Southern Bell Telephone and Telegraph Company was terminated under the company's retirement plan. Since October 1, 1943 he has been engaged as a life insurance agent for the Penn Mutual Life Insurance Company on a commission basis. ⸜ His remuneration from the Insurance Company for each of the months commencing October 1943 was in excess of $15. The Social Security Board ruled that he was not entitled to receive old age primary insurance benefits under Section 202, Title II of the Social Security Act, Section 402, Title 42 U.S.C.A., because he was employed at a wage of not less than $15 per month. Sections 203 and 209, Title II Social Security Act, Sect. 403 and 409, Title 42 U.S.C.A. Johnson contends that he was not employed by the Insurance Company, but was an independent contractor, and filed this appeal from the Board's ruling. Section 405(g), Title 42 U.S.C.A. The defendants have moved for summary judgment on the record before the Board.

■ I am of the opinion that the facts as found by the Referee in his decision of January 15, 1945 and approved by the Social Security Board on March 1, 1945 are supported by substantial evidence and they are accordingly approved and adopted. Section 405(g), Title 42 U.S.C.A.; Walker v. Altmeyer, 2 Cir., 137 F.2d 531.

■ The Referee and the Board found that the facts referred to constituted the relationship of employer and employee between the Penn Mutual Life Insurance Company and the claimant Charles K. Johnson. This judgment was based upon conclusions reasonably reached upon due consideration of all relevant issues presented after parties in interest had been given a fair opportunity to be heard upon the facts and the applicable law, and is accordingly approved. Walker v. Altmeyer, 2 Cir., 137 F.2d 531, 533; Gray v. Powell, 314 U.S. 402, 62 S.Ct. 326, 86 L.Ed. 301. See also Singer Manufacturing Company v. Rahn, 132 U.S. 518, 10 S.Ct. 175, 33 L.Ed. 440; Superior Life, Health & Accident Ins. Co. v. Board of Review, 127 N.J.L. 537, 23 A.2d 806; Jones v. Goodson, 10 Cir., 121 F.2d 176; Matcovich v. Anglin, 9 Cir., 134 F.2d 634, certiorari denied 320 U.S. 744, 64 S.Ct. 46, 88 L.Ed. 441; Grace v. Magruder, App. D.C., 148 F.2d 679; United States v. Vogue, Inc., 4 Cir., 145 F.2d 609; Alphonso v. American Iron & Machine Works Co., D. C., 39 F.Supp. 934, 940.

Insurance agents are not included under the Federal Unemployment Tax Act because of a special statutory exemption in that Act, which is not present in the Act applicable in this case. See Section 1607 (c) (14), Internal Revenue Code, 26 U.S. C.A. Int.Rev.Code, § 1607(c) (14).

Defendants' motion for a summary judgment will be sustained.