[No. 3179-1. Division One. March 22, 1976.]

NORTHWEST TOOL & SUPPLY, INC., *Respondent*, v. THE DEPARTMENT OF EMPLOYMENT SECURITY, *Appellant*.

*Slade Gorton, Attorney General,* and *Joseph M. Little-more* and *Thomas J. Wolfstone, Assistants,* for appellant.

*Robert J. Gunovick,* for respondent.

CALLOW, J.—The Employment Security Department appeals from a judgment exempting Northwest Tool & Supply, Inc., from the assessment of unemployment compensation taxes on the commissions paid to Northwest's sales people. We hold that the trial court correctly concluded that Northwest's sales people were outside sales persons within the meaning of RCW 50.04.235 and that the corporation was exempt from the imposition of employment security taxes based upon the commissions paid to these sales personnel.

The trial court found that Northwest Tool & Supply, Inc., is engaged in selling tools to automobile repair shops, garages, and service stations. Northwest maintains an office, a warehouse, and trucks. To consummate sales, Northwest employs commissioned route sales people. The sales persons are assigned a territory and a truck equipped with displays, a sample line of tools, and a stock of tools. The trucks are used as transportation to reach potential customers, as display areas to effectuate sales, and to deliver tools.

The Employment Security Department assessed Northwest for unemployment compensation taxes based on the commissions paid to the sales people. Northwest contested the assessment and claimed an exemption from the tax pursuant to RCW 50.04.235, which provides:

> The term "employment" shall not include services as an outside salesman of merchandise paid solely by way of commission; and such services must have been performed outside of all the places of business of the enterprises for which such services are performed only.

An Employment Security Department hearing examiner denied the exemption. On appeal to the commissioner of the Employment Security Department, the denial of the

exemption was affirmed. On review by the Superior Court pursuant to RCW 34.04.130, the commissioner's decision was reversed and Northwest was granted the claimed exemption.

The issue presented is whether RCW 50.04.235 entitles Northwest to an exemption from the payment of unemployment compensation taxes. Both Northwest and the department agree that each sales person is an "outside salesman of merchandise paid solely by way of commission . . ." The only dispute is whether the services of the sales people are "performed outside of all the places of business" of Northwest.

The Employment Security Department's primary contention is that all of Northwest's trucks are mobile "places of business." The department argues that the services of the sales people are not performed "outside of all the places of business" of Northwest, and therefore the exemption provided by RCW 50.04.235 is not applicable. We concur with the trial judge that the term "places of business" as used in the specific exemption of RCW 50.04.235 was intended to refer only to fixed locations from or within which the employer transacts business, such as an office or warehouse.

The Washington Employment Security Act, RCW 50.01 *et seq.*, defines subject employment as "personal service, of whatever nature, . . . performed for wages or under any contract calling for the performance of personal services . . ." RCW 50.04.100. The act includes a general exemption test that, if satisfied, will exempt certain services from the definition of subject employment. RCW 50.04.140.[1] All three qualifications must be established be-

---

[1] "Services performed by an individual for remuneration shall be deemed to be employment subject to this title unless and until it is shown to the satisfaction of the commissioner that

"(1) such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

"(2) such service is either outside the usual course of business for which such service is performed, or that such service is performed outside of all the places of business of the enterprises for which such service is performed; and

fore the general exemption of RCW 50.04.140 may be claimed. *In re All-State Constr. Co.*, 70 Wn.2d 657, 425 P.2d 16 (1967).

The prior cases considering the issue of whether the services of a commissioned sales person were subject to the provisions of the Employment Security Act involved a determination of whether the sales person's services met the three necessary prerequisites of the general exemption now codified as RCW 50.04.140. The cases have generally held that the services of the sales persons did not qualify for the exemption.[2] The prior Washington holdings are consistent with the results reached by other jurisdictions facing similar issues. *See generally* 76 Am. Jur. 2d *Unemployment Compensation* § 44 (1975); Annot., 29 A.L.R.2d 751 (1953). The cases holding the services of commissioned sales persons subject to the provisions of the Employment Security Act are based upon grounds other than that the sales person's service was not "outside of all of the places of business" of the employer. These decisions did not delineate the scope of the term "places of business." Other jurisdictions construing substantially similar statutes have defined the term "places of business" as including not only the home office or headquarters of the employer, but also the particular enterprise's business territory.[3] The issue in these deci-

---

"(3) such individual is customarily engaged in an independently established trade, occupation, profession, or business, of the same nature as that involved in the contract of service." RCW 50.04.140.

[2]*McIntyre v. Bates*, 45 Wn.2d 45, 272 P.2d 618 (1954); *Unemployment Compensation Dep't v. Hunt*, 22 Wn.2d 897, 158 P.2d 98 (1945); *In re Continental Car-Na-Var Corp.*, 22 Wn.2d 857, 157 P.2d 724 (1945); *State ex rel. Mulhausen v. Superior Court*, 22 Wn.2d 811, 157 P.2d 938, 160 A.L.R. 692 (1945); *Unemployment Compensation Dep't v. Hunt*, 17 Wn.2d 228, 135 P.2d 89 (1943); *Sound Cities Gas & Oil Co. v. Ryan*, 13 Wn.2d 457, 125 P.2d 246 (1942); *Mulhausen v. Bates*, 9 Wn.2d 264, 114 P.2d 995 (1941). *Contra, Curtis v. Riley*, 22 Wn.2d 951, 157 P.2d 975 (1945); *In re Coppage*, 22 Wn.2d 802, 157 P.2d 977 (1945); *Henry Broderick, Inc. v. Riley*, 22 Wn.2d 760, 157 P.2d 954 (1945).

[3]*Eutectic Welding Alloys Corp. v. Rauch*, 1 Ill. 2d 328, 115 N.E.2d 898 (1953); *Superior Life, Health & Accident Ins. Co. v. Board of Review*, 127 N.J.L. 537, 23 A.2d 806 (1942); *Life & Cas. Ins. Co. v. Unemployment Compensation Comm'n*, 178 Va. 46, 16 S.E.2d 357 (1941); *In re Bargain Busters, Inc.*, 130 Vt. 112, 287 A.2d 554 (1972).

sions was whether the sales person's services satisfied the three criteria of RCW 50.04.140, with the greatest weight being given to whether the services were performed free of direction and control.

 In this case, rather than claiming a general exemption, Northwest is asserting the particular exemption for "outside salesman of merchandise" pursuant to RCW 50.04.235. The statute reads as follows:

> The term "employment" shall not include services as an outside salesman of merchandise paid solely by way of commission; and such services must have been performed outside of all the places of business of the enterprises for which such services are performed only.

RCW 50.04.235.[4] We turn to the consideration of the meaning of the term "places of business" as used in the specific outside sales person of merchandise exemption of RCW 50.04.235.

A similar exemption for outside sales people can be found within the Fair Labor Standards Act. 29 U.S.C. 213(a)(1) exempts all employees employed in the capacity of outside salesmen from the minimum wage and maximum hour limitations of the federal act. The Secretary of Labor has issued regulations that define the term "outside salesman." 29 C.F.R. § 541.500 *et seq.* These regulations provide that an outside salesman, to be within the purview of the exemption, must be "customarily and regularly engaged away from his employer's place or places of business . . ." 29 C.F.R. § 541.500.[5] The regulations imply that the

---

[4] RCW 50.04.235 was enacted in 1957. The only comparable "outside salesman of merchandise" exemption is found in the Utah unemployment compensation statute. Utah Code Annotated § 35-4-22(r) provides that

> Unless services would constitute employment at common law, the term "employment" shall not include services as an outside salesman paid solely by way of commission, and such services must have been performed outside of all places of business of the enterprises for which such services are performed.

The Utah exception has not been construed.

[5] 29 C.F.R. § 541.502(b) defines the term "places of business" as follows:

primary factor in determining whether one was engaged in sales away from the employer's place of business is whether the sales were made at a customer's, rather than at an employer's, place of business.[6] These guidelines are persuasive to us in our interpretation of the outside sales person exemption of RCW 50.04.235. To interpret the phrase "places of business" broadly to include all of the employer's business territory would render the outside sales person exemption meaningless. Under such a definition, wherever merchandise was sold or attempted to be sold would constitute a place of business. To give the exemption the effect we conclude was within the legislative intent, the term "places of business" must be construed as encompassing only the offices, headquarters, warehouses, or other fixed locations of the employer. A line must be drawn between the employer's and the customer's places of business.

We conclude that the services of the Northwest sales people were performed "outside of all of the places of business" of the employer and that sales were transacted at the customer's, rather than the employer's, place of business. We do not agree with the assertion of the department that the trucks used by the sales people constituted mobile places of the employer's business. The trucks were not fixed offices or warehouses. They were a means of displaying the employer's merchandise at the customer's place of

---

"Characteristically the outside salesman is one who makes his sales at his customer's place of business. This is the reverse of sales made by mail or telephone (except where the telephone is used merely as an adjunct to personal calls). Thus any fixed site, whether home or office, used by a salesman as a headquarters or for telephonic solicitation of sales must be construed as one of his employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property. It should not be inferred from the foregoing that an outside salesman loses his exemption by displaying his samples in hotel sample rooms as he travels from city to city; these sample rooms should not be considered as his employer's places of business."

[6]The federal courts have applied the regulation's definition of "places of business" in *Brennan v. Modern Chevrolet Co.*, 363 F. Supp. 327 (N.D. Tex. 1973); *Hodgson v. Krispy Kreme Doughnut Co.*, 346 F. Supp. 1102 (M.D.N.C. 1972).

business and were indistinguishable from any other sales person's automobile trunk or sample case.

Affirmed.

FARRIS and ANDERSEN, JJ., concur.