McKINLEY, COMMISSIONER OF LABOR, *v.* R. L. PAYNE & SON LUMBER COMPANY.

4-6091 143 S. W. 2d 38

Opinion delivered July 8, 1940.

*Walter L. Pope,* for appellant.

*Glover & Glover,* for appellee.

*Rowell, Rowell & Dickey, amicus curiae.*

MEHAFFY, J. This action was instituted by the appellee, R. L. Payne & Son Lumber Company, against the appellants, alleging that appellee is a partnership located at Malvern, Arkansas; that on September 7, 1939, Eli W. Collins, director of Unemployment Compensation Division of the State Department of Labor, of the State of Arkansas, without right or authority of law had placed upon the records of Hot Spring county, Arkansas, by the circuit clerk, W. W. Beeson, the following certificate of assessment of unemployment compensation contributions, and declaring same to be a judgment against appellee:

"To the Clerk of the Circuit Court of Hot Spring County, Arkansas:

"I, Eli W. Collins, Director of the Unemployment Compensation Division of the Department of Labor of the State of Arkansas, hereby certify:

"That on the 9th day of June, 1939, I certified to the Commissioner of Labor of the State of Arkansas, an assessment of delinquent unemployment compensation contributions past due and unpaid by R. L. Payne & Son Lumber Company of Malvern of the county of Hot Spring, State of Arkansas; and on said date delivered a copy of said assessment to said R. L. Payne & Son Lumber Company.

"I further certify that ten days has expired since said certification to said commissioner and delivery to said delinquent taxpayer, and I now hereby certify to you, as clerk of the said circuit court, that the amount of the said delinquent unemployment compensation con-

tributions due by the said R. L. Payne & Son Lumber Company is $175.23.

"Witness my hand as such director on the 4th day of August, 1939.

"Eli W. Collins, Director,

Unemployment Compensation Division
Department of Labor of the State of
Arkansas."

Appellee further alleges that it was never notified, either by Collins or McKinley, Commissioner of Labor, that it was due them any assessment, and denies that on the date stated there was delivered a copy of said assessment to it; denies that they owe anything, and also alleges that Collins and McKinley, wrongfully and without any right or authority, charged to it compensation which, if due at all, was due from the independent contractor, George Bailey; that said George Bailey was an independent contractor and the said appellee had nothing whatever to do with controlling his labor, the hiring or firing of them, and that it was only interested in carrying out the independent contract, and that appellee is not responsible for any tax whatever. Appellee further alleges that § 15 of act 200 of 1939 and § 14 of said act, being § 8562 of Pope's Digest as amended by adding § (e), is unconstitutional and void. It is further alleged that the act of the director would be in violation of art. 2, § 7, of the bill of rights of the Constitution of the State of Arkansas; that act 200 of 1939 and each section and subdivision is unconstitutional and void; that the judgment is void and should be canceled and set aside. The prayer is for the court to set aside the judgment and declare the same void.

Appellants filed motion to dismiss, and without waiving their rights under said motion, they filed an additional motion to dismiss for failure to comply with § 15 of act 200 of the Acts of 1939. Also appellants filed the certificate of assessment of unemployment compensation contributions. Appellants then filed answer and cross-complaint. In the answer they deny all material allegations of the complaint, and for cross-complaint

state that they are entitled to recover from the appellee the amount of unemployment compensation set out in the certificate of assessment filed in the court. They pray for judgment that the complaint of plaintiffs be dismissed and that they have judgment for any and all amounts that are due and unpaid. An amendment to the cross-complaint was thereafter filed; that, in addition to compensation tax set out in the certificate, there was due from appellee the sum of $18.58, tax on the wages paid to George Bailey for services performed as an employee.

The appellee filed answer and cross-complaint denying the allegations of appellants' cross-complaint.

The court entered a decree which recited that upon oral testimony heard before the court, it found all the issues of fact and law in favor of the appellee and against the appellant. The court overruled the motions of appellants, and dismissed them; that the judgment against the appellee for $175.23 be set aside and declared void and of no effect. The case is here on appeal.

The first unemployment compensation law was passed by the Arkansas Legislature in 1937, and is found in §§ 8549 to 8569 of Pope's Digest. This act was amended by act 200 of the Acts of 1939.

The appellee contends that he is not liable, and says: first, that no notice was ever given; second, that George Bailey was an independent contractor; third, that the act is unconstitutional because it violates art. 14 of the United States Constitution, as taking property without due process of law; fourth, that the act is unconstitutional because it violates art. 2, § 7, of the Bill of Rights; fifth, the act is unconstitutional because it violates art. 2, § 17, of the Constitution of the State of Arkansas.

The evidence shows that the Payne Lumber Company had notice. It is undisputed not only that letters were written, but that the director had several conversations with Mr. Payne, the owner of the lumber company, and the undisputed proof shows that he contended all the time that he was not liable because he said George

Bailey was an independent contractor, and that he did not intend to pay unless he had to do so.

George Bailey, the evidence shows, was an ignorant colored man, and Mr. Payne testifies that Bailey had no education, and other testimony shows that he was "just an ordinary lumber stacker." The employee who had charge of the stacking of lumber before Bailey was employed was a white man named Parker, and Mr. Payne testifies that he had the same kind of contract that Bailey had; that he discharged him, and afterwards he discharged Bailey. It is true Mr. Payne said that if he had any complaint he went to Bailey and not to the men. The master would do that if Bailey had been a foreman, which it appears from the evidence he actually was. Payne not only retained the right to discharge him, but he controlled the manner of his work so as to prevent the lumber from getting blocked and close to the mill; he would order Bailey to keep it going. The bookkeeper for the Payne Lumber Company kept the books and the payroll for Bailey and his men and there was no charge for this service.

While Mr. Payne calls Bailey an independent contractor, the evidence conclusively shows that he was a mere employee, and that Payne had the right not only to control him so as to prevent lumber being blocked, but had the right to discharge him. But whether he would be classed as an independent contractor under the common law, we think, is immaterial because under the Unemployment Compensation Act he was an employee.

Section 8550 of Pope's Digest provides that the term "employment," subject to the other provisions of this subsection, means "service, including service in interstate commerce performed for wages or under any contract of hire written or oral, express or implied." Said section also provides:

"Services performed by an individual for wages shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the commissioner that: "(A) Such individual has been and will continue to be free from control or direction over the

performance of such services, both under his contract of service and in fact, and (B) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) Such individual is customarily engaged in an independently established trade, occupation, profession or business."

It cannot be contended that under the evidence in this case Bailey was free from control or direction over the performance of his services, both under his contract of service and in fact. But even if that were true, it would have to further appear that such service is either outside of the usual course of business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed, and that is not shown. In addition to that, it would have to appear that Bailey was customarily engaged in an independently established trade, occupation, profession or business, and the evidence does not show this.

In discussing a statute similar to ours, the Supreme Court of Utah said: "Section 19 is a section on definitions and provides a glossary which pertains to the act. These definitions may differ from the common-law concepts designated by the same words. The above quoted § 19 (j) (5) signifies a relationship entitled to benefits of the act beyond that of a mere master and servant relationship." *Globe Grain & Milling Co.* v. *Industrial Commission*, 91 Pac. 2d 512.

The Utah statute construed by the Supreme Court in the above case, is the same as our statute.

The burden of showing these matters of exemption is placed by the statute upon the appellee, and since they are stated conjunctively and not disjunctively, all three of these elements must be shown in order that exemption from the act be secured. *Unemployment Compensation Commission of North Carolina* v. *Jefferson Standard Life Ins. Co.*, 215 N. C. 479, 2 S. E. 2d 584.

Statutes similar to the one under consideration have been construed. *Industrial Commission* v. *Northwestern Mutual Life Ins. Co.*, 103 Colo. 550, 88 Pac. 2d 560.

In the interpretation of statutes, the primary rule is to ascertain and give effect to the intention of the Legislature, and this intention and meaning must primarily be determined from the language of the statute itself, and not from conjectures *aliunde*. 25 R. C. L., § 216, *et seq.*

It is next contended by the appellee that the act is unconstitutional. While the constitutionality of the act was not directly questioned in the case of *Buckstaff Bathhouse Co.* v. *McKinley, Commr.*, 198 Ark. 91, 127 S. W. 2d 802, yet it was involved and the court in that case said: "Although constitutionality of the Arkansas statute is not directly questioned in the appeal before us, this is the first case reaching this court in which payment of the tax is involved. Necessarily if we hold that appellant must pay the state's demand, we have upheld the validity of act 155. For this reason the decisions quoted from have been cited."

The unemployment compensation law expressly provides that a review by the courts may be had, and provides the method of appealing to the courts.

This court said, as early as the 32nd Arkansas Reports, in the case of *Cairo & Fulton Rd. Co.* v. *Trout*, 32 Ark. 17: "This provision of the bill of rights, however, relates to the trial of issues of fact, in civil and criminal causes, in courts of justice, and has no relation to cases of the kind now under consideration." The following cases are then cited: *Beekman* v. *Saratoga and Schnectady Rd. Co.*, 3 Paige, 75, 22 Am. Dec. 679; *People* v. *Mich. So. Rd. Co.*, 3 Mich. 496; Pierce Am. R. R. L. 166; *Bonaparte* v. *Camden and Amboy Rd. Co.*, 1 Baldwin, C. C. 205, Fed. Cas. No. 1,617; *Hickox* v. *Cleveland*, 8 Ohio 543, 32 Am. Dec. 730.

In the case of *Govan* v. *Jackson*, 32 Ark. 553, this court quoted with approval the following statement from Sedgwick Stat. & Con. Law, 496: "It is also to be un-

derstood that when the Constitution guarantees the right of trial by jury it does not mean to secure the right in all possible instances, but only in those cases in which it existed when our Constitutions were framed."

In the case of *Missouri Pacific Rd. Co.* v. *Conway County Bridge Dist.,* 134 Ark. 292, 204 S. W. 630, this court said: "It is contended in the first place that the court erred in refusing to grant a trial of the cause before a jury. That question has been determined contrary to the contention of counsel in the recent case of *Drew County Timber Co.* v. *Board of Equalization,* 124 Ark. 569, 158 S. W. 942, where we held that the right of trial by jury 'is confined to cases which at common law were so triable before the adoption of the Constitution,' and that a taxpayer aggrieved by the action of the county board of equalization may appeal to the county court and thence to the circuit court, but has no right to trial by jury."

This question has been decided many times by this court, but the constitutionality of this particular act was definitely settled by the case of *Buckstaff Bathhouse Co.* v. *McKinley, Commr., supra.*

Unemployment compensation acts have been passed by the legislatures of the different states, and some of them are identical with our statute, and it has been held by the different courts that it is within the power of the legislature to pass these laws.

The judgment of the lower court is reversed, and the cause is remanded with directions to enter judgment against the appellee on the certificate filed and on the cross-complaint, in accordance with this opinion.