[No. 32826.    Department One.    July 19,.1954.]

A. E. McINTYRE *et al., Respondents,* v. L. H. BATES, *as Commissioner of the State Employment Security Department, Appellant.*[1]

*The Attorney General* and *Paul J. Murphy, Assistant,* for appellant.

*Lycette, Diamond & Sylvester* and *Lyle L. Iversen,* for respondents.

GRADY, C. J.—The question to be determined on this appeal is whether the respondents were assessable under the employment security act of 1945.

Respondents were engaged in the business of direct selling of freezers. They employed salesmen who contacted prospective purchasers and secured orders. If the sale was for cash, the customer remitted to the dealer; but if it was partially on credit, the down payment was collected by the salesman. The salesmen defrayed their own expenses and were paid by respondents on a commission basis. They were covered by the workmen's compensation act, but no

[1]Reported in 272 P. (2d) 618.

deductions were made by respondents for withholding tax or for social security. The salesmen were required to follow the program and sales methods prescribed by respondents.

The commissioner in accordance with RCW 50.24.070 assessed contributions on commissions paid to salesmen by respondents. A hearing was held by an appeal examiner. The appeal tribunal considered the evidence, made findings of fact, and concluded that respondents' salesmen were in employment under the act. The order of assessment was sustained. The commissioner reviewed the record and affirmed the decision. The commissioner's record was reviewed by the superior court. The court adopted the findings of fact that had been made, but reached a different conclusion on the question of employment and reversed the decision of the commissioner.

In order that respondents be subject to assessment, the salesmen must be in employment. The applicable statutes so far as necessary to be considered in this case read as follows:

RCW 50.04.080. " 'Employer' means any individual or type of organization . . . having any person in employment . . ."

RCW 50.04.100. " 'Employment' . . . means personal service, of whatever nature, unlimited by the relationship of master and servant as known to the common law or any other legal relationship . . . performed for wages or under any contract calling for the performance of personal services . . ."

RCW 50.04.140. "Services performed by an individual for remuneration shall be deemed to be employment subject to this title unless and until it is shown to the satisfaction of the commissioner that:

"(1) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

"(2) Such service is either outside the usual course of business for which such service is performed, or that such service is performed outside of all the places of business of the enterprises for which such service is performed; and

"(3) Such individual is customarily engaged in an independently established trade, occupation, profession, or busi-

ness, of the same nature as that involved in the contract of service."

RCW 50.04.320 . . . " 'Remuneration' means all compensation paid for personal services, including commissions . . ."

■ Applying these statutes to the foregoing statement of facts, it is clear that respondents were employers, and that the salesmen under their contract performed personal services for them for a remuneration in the form of commissions on sales of personal property.

The commissioner found from the evidence that the respondents allowed the salesmen to exercise a great deal of freedom in the manner in which they performed their services, but had the right to control and direct the methods that were used by them. He found and concluded that the salesmen were not customarily engaged in an independently established trade, profession, or business of the same nature as that involved in the contract of service, in that the only home freezers the salesmen sold and the only ones they were allowed to sell were those handled by respondents; that the salesmen were not engaged in the business of buying and selling home freezers; that all they had to do was to sell them on behalf of respondents, and the fact that in selling such freezers they had a great deal of independence as to how, when, and where the freezers would be sold did not make them in an independently established occupation.

The findings are supported by the evidence, and we are in accord with the conclusions reached by the commissioner.

The status of employer and employee having been established, and respondents not being within all of the exceptions provided by RCW 50.04.140, the principles of law recognized and applied in *Skrivanich v. Davis* (decided under the act of 1945), 29 Wn. (2d) 150, 186 P. (2d) 364, are applicable.

The judgment is reversed.

HILL, HAMLEY, FINLEY, and OLSON, JJ., concur.