[Nos. 38733, 38734.   Department One.   April 13, 1967.]

*In the Matter of the Estate of* DEMERISE JAUSSAUD, *Deceased.*

LOUIS F. JAUSSAUD, *Appellant,* v. LOUISE JAUSSAUD ALLEN *et al., Respondents.**

*Harley W. Allen,* for appellant.

*Sherwood, Tugman & Green (Cameron Sherwood,* of counsel), for respondents.

LANGENBACH, J.†—Appellant owned an undivided 1/5 interest in an undivided 7/16 of certain real property in Franklin County inherited from his father. He also owned an undivided 1/5 interest in an undistributed 9/16 of the same property inherited from his mother, whose estate was still in the process of probate.

Appellant filed a partition action against his brothers and sisters to apportion the real property received from their father. At the same time he filed a petition for partition of his mother's estate under the provisions of RCW 11.76.050. Later, both matters were consolidated for trial. In the peti-

*Reported in 426 P.2d 602.

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

tion, he alleged that the Franklin County property was of such character that it could be partitioned and divided into individual tracts in economic units. The inventory in the mother's estate disclosed 1,850 acres of cultivated property and 11,150 acres of grazing lands. The inventory listed section 28, township 14, range 36 east, twice for no disclosed reason. This increased the acreage to 13,640 acres. Appellant's petition alleged 1,200 acres of tillable land and 11,150 acres of grazing land.

An order was entered in the probate proceedings appointing three appraisers to make an appropriate report and to file their recommendations as to the practicability of dividing in kind or whether the land should be sold as units. Their report was to recommend appropriate divisions of the parcels of land among the devisees. They were to file their report within 30 days and to furnish copies to counsel. This was done about May 8, 1964.

In their report, the appraisers stated, "We have been requested to divide the Jaussaud Estate property into feasible and workable units which we have done as follows:" Then appeared the description of parcels set forth as unit Nos. 1, 2, 3, 4 and 5, with specific acreages. Valuations were placed upon these separate units and adjustments were to be made among the heirs to equalize their proportionate shares. A map was attached which described section 13 as part of unit No. 3. The report ended:

Our acreage figures have been determined by A.S.C. maps, aerial maps and area maps which have been furnished to us. Our farm plat of the Franklin County land has been prepared from these sources of information.

We are attaching a map of the land in Franklin County showing our division of Units One, Two and Three.

A hearing was set for May 25, 1964, at which time all heirs, their attorneys and the executors were present. At that time, a very comprehensive stipulation was dictated into the record, in open court, by the heirs and their attorneys. The stipulation provided that the Franklin County lands (and Walla Walla ranch) should be divided, partitioned and distributed in a particular manner. Unit No. 1,

described in the appraisers' report, valued at $157,000, was to be distributed to appellant as his sole and separate property and estate. The remaining lands in unit Nos. 2, 3, 4 and 5 were distributed to the other heirs. It was stipulated that proper adjustments would be made in cash, based upon values set forth in the appraisers' report. In court, the appellant and his attorney agreed to the stipulation. It was later transcribed and signed by attorneys for the parties.

The order approving final account, partition of lands and decree of distribution was based upon the final account, supplemental account and appraisal report of appraisers for partitioning lands in both proceedings. It recited that all beneficiaries had approved the appraisers' report and had stipulated in open court to a partitioning of the lands and that the court approved such stipulation. It further ordered that the final account, supplemental account and appraisers' report be approved. The order was entered May 25, 1964, and was approved by appellant's attorney. Attached to the decree was an exhibit which set over to appellant unit No. 1, by description, and to the remaining heirs unit Nos. 2, 3, 4 and 5 by description. No appeal was ever taken from this decree of distribution.

On May 19, 1965, appellant filed a petition to correct the decree inasmuch as section 13 had not been specifically mentioned in the description of unit No. 3, and inasmuch as there had been an error of 210 acres along the dividing line of the road between unit No. 1 and unit No. 3. A similar motion was filed in the partition suit. A hearing was held June 22, 1965, at which affidavits and testimony were received. At the conclusion of this hearing, the trial court announced that the motion in the partition action would be dismissed and that the petition in the probate matter would be denied. The court permitted an amendment to include section 13 in unit No. 3, as shown by the map attached to the appraisers' report. Later findings of fact and conclusions of law were entered to this effect and a judgment of dismissal followed. From this the appeal was taken and the two matters were consolidated for that purpose.

There were 13 assignments of error pertaining mainly to questions of fact. The principal contention was that the report of the appraisers showed 12,769 acres, while the inventory in the estate disclosed 13,640 acres, or a discrepancy of 871 acres unaccounted for. It was alleged that this discrepancy included the omitted section 13.

Two of the appraisers testified as to their manner of appraisal. It was admitted that no heir wanted a survey because of the cost. It appeared that the sections along the township line included lots rather than definite quarter sections. These showed either more or less acreage than an ordinary section. Through the premises went a road on a transverse with both its course and content an approximation. The use of aerial maps and maps prepared by county officials did not solve the actual acreage. The appraisers testified that they had been instructed to value and divide the property into practical and feasible working units, irrespective of the actual acreage in each of the units. The differences in value would be adjusted among the various heirs. The actual acreage in each unit was considered more or less as incidental. The map attached to the appraisers' report designated the various sections of each unit.

With knowledge of the facts in the probate proceedings and with a copy of the appraisers' report, including map, in his possession, appellant and his attorney selected unit No. 1 and entered into the stipulation of partition and division of the property.

■ This is a collateral attack upon the final decree of distribution in the probate matter to which appellant was a party and whose attorney approved the same. At that time, appellant stipulated that these properties might be divided into these units, of which he first selected and then accepted unit No. 1 over which he exercised complete dominion. In fact, he mortgaged it in order to pay the excess due the other heirs. The time for appeal from that decree had long since expired. Thus it became binding upon all of the parties.

At the conclusion of the proceedings, the trial court stated:

It will be the judgment of the Court that your Motion to Vacate is a collateral attack on a valid and subsisting Judgment of this Court, that it was not made as a direct attack on the Judgment, it was not raised in the same proceedings in which the final Order was filed, and that the Order approving the final account was entered with the consent and approval of all interested parties and based upon a Stipulation.

The files and records disclosed that section 13 was to be an integral part of unit No. 3; that the acreages were approximations in the absence of a definite survey. The appraisers were advised to divide the properties into feasible and workable units. Based upon these facts and the comprehensive stipulation of the parties and their attorneys, a decree was entered which was res judicata of all matters raised, or which could have been raised, in the proceedings. No appeal was ever taken. Further action in each proceeding was thereafter barred. The trial court did not abuse its discretion in refusing to vacate the decree.

The judgment is affirmed.

FINLEY, C. J., HILL, ROSELLINI, and HALE, JJ., concur.