**EMPLOYMENT SECURITY COMMISSION**
(Alaska Department of Labor);
Appellant,

v.

**Harry H. WILSON, d/b/a Wilson's Auto
Rebuild, Appellee.**

No. 1084.

Supreme Court of Alaska.

Nov. 24, 1969.

G. Kent Edwards, Atty. Gen., Juneau, James E. Rhodes, Asst. Atty. Gen., Anchorage, for appellant.

No appearance for appellee.

Before DIMOND, RABINOWITZ, BONEY and CONNOR, JJ.

BONEY, Justice.

The present case is an appeal from a decision of the superior court rendered on certain stipulated facts. These facts are set forth as follows:

"1. Harry H. Wilson, d/b/a Wilson's Auto Rebuild, operated an automotive repair shop at 815 B Street, Anchorage, Alas-

ka. On September 20, 1964 plaintiff ceased filing Contribution Reports and Wage Schedules with the Department of Labor, State of Alaska, giving as a reason that he was continuing business without employees and contending that the work being done in his business was being performed by independent contractors.

2. After the closing of his account an audit was performed by an Employment Security Division field auditor, and a Contribution Report and Wage Schedule for the calendar year ending December 31, 1964 was compiled. The assessment for that quarter was one thousand, one hundred and forty-seven dollars and nineteen cents ($1,-147.19) in contributions and interest. On April 30, 1965 a Supplemental Notice of Coverage Determination was issued to Wilson, holding that the petitioner was an "employer" within the meaning of AS 23.-20.525[(b)] (4) (A), (B) and (C), effective October 1, 1964.

3. A hearing was held before the Commissioner of Labor on October 6, 1965, pursuant to Wilson's timely appeal from the Supplemental Notice of Coverage Determinations. The coverage determination was sustained by written decision dated November 5, 1965.

4. Plaintiff Wilson appealed to the Superior Court from the Commissioner's decision of November 5, 1965. After answer, the defendant State of Alaska brought a motion for summary judgment dated October 26, 1967. That motion was denied on the ground that a genuine issue of fact did exist, to-wit: whether the individuals performing services for Wilson were *in fact* performing services which would constitute "employment" as defined by AS 23.20.-525[(b)] (4) (A), (B) and (C).

5. The Court also determined, in denying the State's motion, that the provisions of AS 23.20.525 [(b) (4)] (A), (B) and (C) were to be read disjunctively rather than conjunctively, so that if Wilson could show to the satisfaction of the Department, or the Court, that the conditions of AS 23.-

20.525[(b)] (4) (A) exist, *or*, in the alternative, that the conditions of AS 23.20.525 [(b).] (4) (B). and (C) exist, then the relationship between Wilson and the individuals performing services for him is not an employment relationship as defined by AS 23.20.525[(b)].

The Court determined that a trial must be had in order to take evidence concerning facts surrounding the performance of services by the individuals for Wilson.

6. The Defendant and Plaintiff hereby stipulate to the following facts and conditions upon which the case may be decided:

(a) That the services performed by the individuals for the Defendant [sic Plaintiff] *are* performed in such a manner that the individuals *are* free from control and direction by the Defendant [sic Plaintiff] when they perform the services; and that freedom from control and direction by the Defendant [sic Plaintiff] exists both under the employment contract and in fact.

(b) It is further agreed that the services performed by the individuals are performed *neither* outside the usual course of the Defendant's [sic Plaintiff's] business, *nor* are such services performed outside the physical places of business of the Defendant's [sic Plaintiff's] enterprise: and,

(c) Furthermore, it is agreed that the individuals *are not* customarily engaged in an independent established trade, occupation, profession, or business of the same nature as that involved in the services performed for the Defendant [sic Plaintiff].

IN SUMMARY, the Defendant and Plaintiff stipulate that the conditions of AS 23.20.525[(b)] (4) (A) exist, but that the Defendant [sic Plaintiff] has not shown that the conditions of AS 23.20.525 [(b)] (4) (B) and (C) exist."

Upon motion for a decision upon these stipulated facts, the superior court reaffirmed its prior opinion that the provisions of AS 23.20.525(b) (4) are to be read disjunctively, that is subsection (A) is to be read disjunctively from subsections (B)

and (C). AS 23.20.525(b) (4) (A), (B) and (C) provide as follows:

(b) In this chapter, unless the context otherwise requires, "employment" includes:

\* \* \* \* \* \*

(4) service performed by an individual whether or not the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the department that

(A) the individual has been and will continue to be free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact;

(B) The service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and

(C) the individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

According to the superior court's interpretation an employer is not covered by the Employment Security Act if the individuals he employs *either* (A) are free from his control, *or* (B) the service is performed outside the places of business of the employer, and (C) the employee is customarily engaged in an independently established trade, profession, etc. Because it was stipulated that Wilson met the (A) requirement though not the (B) and (C) requirements,

the court held that Wilson was not an employer subject to coverage under Alaska's employment security laws. The state has appealed this decision, contending that all three requirements must be met to warrant a finding of no employment relationship. The only question properly before us on this appeal is whether the coverage exclusion contained in AS 23.20.525(b) (4) should be read to require that all three subsections be met or to require that only (A) or (B) and (C) be met.

Unemployment compensation laws usually distinguish for purposes of coverage between those who employ individuals as normal employees, and those who employ independent contractors. The definition of "employment" in the statute was adopted by most states from a law prepared by the Social Security Board, which in turn had been patterned after the existing Wisconsin statute.[1] The tests of exclusion now found in AS 23.20.525(b) (4) (A), (B), (C) were widely adopted and became known as the "ABC" tests.

In 1937 the Alaska Unemployment Compensation Law was passed; it included a comparable provision, ACLA § 51–5–1(i) (5) (A) (B) (C) (1949),[2] to the present AS 23.20.525(b) (4), in that the definition of employment was made dependent on the ABC factors. One difference between the two sections was that ACLA § 51–5–1(i) (5) (A) (B) (C) (1949) separated each of the three factors by a semicolon and the word "and". In 1955 the legislature passed the Alaska Employment Security Act repealing ACLA § 51–5–1(i) (5) (A) (B) (C) (1949) and replacing it with a similar section, ACLA § 51–5–46(a) (b) (c) (Supp. 1959)[3] which provided as follows:

Service performed by an individual shall be deemed to be employment subject to this Act [this chapter] irrespective of

---

1. B. Asia, Employment Relation: Common Law Concept and Legislative Definition, 55 Yale L.J. 76, 83 (1945).

2. Ch. 4, § 2(i) (5) (A) (B) (C), SLA 1937 (Extraordinary Sess.).

3. Ch. 5, § 218, SLA 1955 (Extraordinary Sess.).

whether the common-law-relationship of master and servant exists, unless and until it is shown to the satisfaction of the Commission that

(a) Such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; and

(b) Such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and

(c) Such individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.

The above section, as did its predecessor, separates each of the three ABC factors by a semicolon and the word "and". This section continued in force until 1962 when the present AS 23.20.525(b) (4) was enacted as part of the codification of Alaska Statutes. It can be seen that the present statute is not a verbatim transposition of the former law. Besides some minor differences in wording, it now appears that the three ABC factors are not separated in the same way. Specifically, the 1962 law leaves out the word "and" between the A and B factors, while retaining the semicolon.

After examining the legislative history of this section we are unable to specifically account for the changes in the 1962 law. There is no record of it ever having been amended. However, other statutes make it clear that some technical revision was contemplated when Alaska Compiled Laws Annotated, 1949, and the Session Laws of Alaska for the years 1949 to 1962, were adopted as what is now the Alaska Statutes. AS.01.05.006 describes our present statutes as a "bulk formal revision" authorized by AS 24.20.070. This latter section empowers the legislative counsel to "clarify, classify, arrange, renumber, coordinate, edit, correct, annotate, index, copyright, codify and revise all laws of the state." The legislative council through the revisor of statutes is empowered to edit and revise the statutes "without changing the meaning of any law." AS 01.05.031(b).[4]

We conclude from the above history of AS 23.20.525(b) (4) that the present section was not intended to differ in meaning from the prior law. We believe that the slight difference in wording and the omission of the word "and" between the A and B subsections of the present law was a result of the bulk formal revision which took place in 1962.

This conclusion is bolstered by the fact that the omission of the word "and" does not grammatically change the meaning of the section. Each item listed in a series need not be followed by the word "and"; rather a comma usually separates the words or phrases that occur in a series with the exception of the last two items which are separated by "and".[5] Because we may assume that the legislature knew and understood the rules of grammar, we are justified in relying on such rules in the interpretation of our laws.[6] The gram-

---

4. In Gordon v. Burgess Constr. Co., 425 P.2d 602, 605 (Alaska 1967), this court said, "The answer is that the statute compilers and revisors had no authority to add to or eliminate any of the statutes they were required to work with."

5. Webster's Seventh New Collegiate Dictionary, Punctuation Rule 4.2.2 and 4.2.2.1

at 1195; R. Dickerson, Legislative Drafting § 7.9(b) (1954).

6. AS 01.10.040 provides in part:
   Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage.
   E. Crawford, Statutory Construction § 196 (1940).

matical significance of the omission is in accord with the legislative history which indicates that no substantive change in the law was intended.

The meaning of the section before the 1962 revision was quite clear.[7] Statutes similar to the pre-1962 Alaska Statute have been uniformly declared to be conjunctive, that is, all three of the ABC tests must be met to establish the coverage exclusion based upon the section.[8] In those states where a different result is reached, that is, a disjunctive effect is given to the section, the statute clearly uses "or" instead of "and" between the subsections.[9]

In light of the foregoing discussion we find we must reverse the superior court's decision that either subsection A or B and C had to be met to establish the independent contractor exclusion. The 1962 statute, AS 23.20.525(b) (4) was intended to be and is substantively no different from the prior law. The prior statute unquestionably required all three factors to be shown. Because the parties to this appeal have stipulated that the terms of subsection A did exist but that the terms of B and C did not exist, we reverse the decision of the superior court dated December 4, 1968, and direct that the decision of the Commissioner of Labor dated November 5, 1965, be affirmed.

NESBETT, C. J., not participating.

---

7. In Sumpter v. Alaska Employment Security Comm'n, Op. No. A–14, 443 (D. 3d Div. Alaska, March 31, 1959) it was assumed without discussion that all three of the subsections of ACLA § 51–5–46 (Supp.1959) had to be met before the independent contractor exclusion was established.

8. McKinley v. R. L. Payne & Son Lumber Co., 200 Ark. 1114, 143 S.W.2d 38, 41 (1940); Industrial Comm'n v. Northwestern Mut. Life Ins. Co., 103 Colo. 550, 88 P.2d 560 (1939); Rozran v.

Durkin, 381 Ill. 97, 45 N.E.2d 180, 184, 144 A.L.R. 735 (1942); Unemployment Compensation Comm'n v. Jefferson Standard Life Ins. Co., 215 N.C. 479, 2 S.E. 2d 584, 588 (1939); Singer Sewing Machine Co. v. Industrial Comm'n, 104 Utah 175, 134 P.2d 479, 483 (1943); McIntyre v. Bates, 45 Wash.2d 45, 272 P.2d 618 (1954).

9. Life & Cas. Ins. Co. v. Unemployment Compensation Comm'n, 178 Va. 46, 16 S.E.2d 357, 360 (1941).