TACHICK FREIGHT LINES, INC. and
R.W. McKenzie, Appellants,

v.

STATE of Alaska, DEPARTMENT OF
LABOR, EMPLOYMENT SECURITY
DIVISION, Appellee.

No. S–2739.

Supreme Court of Alaska.

May 12, 1989.

Rehearing Denied June 29, 1989.

M. Ashley Dickerson, M. Ashley Dickerson, Inc., Anchorage, for appellants.

Grace Berg Schaible, Atty. Gen., Juneau, and Julia Coster, Asst. Atty. Gen., Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

This case presents the question of whether the Commissioner of Labor of Alaska erred by concluding that certain individuals performing services for Tachick Freight Lines, Inc. ("Tachick") were employees rather than independent contractors. Tachick and its chairman, Mr. R.W. McKenzie ("McKenzie"), argue that the hearing before the Department of Labor was procedurally inadequate, that the Labor Department's decision was erroneous, and that the decision is unconstitutional.

### I.

On January 28, 1977, the officers of Tachick resolved that from that day on all persons working for Tachick would be independent contractors rather than employees.

Tachick thus sought to avoid liability for employees' unemployment insurance premiums required of an employer by the Alaska Employment Security Act, AS 23.20.005–23.20.535 ("the Act").

In January of 1985, the Employment Security Division of the Alaska Department of Labor ("ESD") received an anonymous tip that Tachick was not complying with the Act. After an investigation, ESD determined that Tachick was an employer and was liable for back unemployment insurance premiums.[1] Tachick was informed but did not respond or appeal. Assessment and Tax Liens were filed and mailed to Tachick. Correspondence between Tachick and ESD ensued, resulting ultimately in a hearing before an ESD hearing officer in Juneau on July 2, 1986.

At the hearing, McKenzie represented Tachick without aid of counsel. Apparently not appreciating that the burden of proof was upon him (*see* AS 23.20.525(a)(10)), McKenzie was not entirely cooperative,[2] and did not present convincing evidence of the independent contractor status of any of Tachick's workers. The Commissioner of Labor found after the hearing that Tachick was an employer and was thus liable for unemployment insurance premiums.[3]

Tachick appealed to superior court, but Judge James C. Hornaday, pro tem, affirmed the Commissioner. Tachick appeals.

### II.

Tachick's initial argument is that the hearing before the Department of Labor was procedurally inadequate due to inade-

---

1. AS 23.20.270(a) states:

   The department shall begin action for the collection of contributions, including interest and penalties, imposed by this chapter by assessment or suit within five years after a return is filed. A proceeding for the collection of these amounts may not be begun after the expiration of this period. In case of a false or fraudulent return with intent to evade contributions, or *in the event of a failure to file a return*, the contributions may be assessed, or a proceeding in court for the collection of the contributions may be begun, *at any time.*

(Emphasis added). Because Tachick had never filed a return, the five-year limitation did not apply, so the Department of Labor assessed Tachick for premiums Tachick owed beginning in 1978.

2. The Commissioner of Labor concluded that McKenzie was "extremely evasive in response to questions put to him both by the State's representative and by the Hearing Officer." This conclusion is supported by the record.

3. Tachick owed the State $93,505.58 as of December 6, 1986.

quate notice of the scope of the hearing and the Hearing Officer's lack of impartiality.

■ Concerning the adequacy of notice, Tachick points to the notice of hearing sent it which stated that the status of the "drivers" would be the subject of the hearing. The hearing actually addressed the status of all of Tachick's workers. The Commissioner found that Tachick was not "prejudicially harmed" by the "typographical error." Significantly, Tachick did not raise the notice issue in superior court, stressing instead lack of impartiality and ESD's incomplete investigation. It also appears that the correspondence between Tachick and ESD prior to the hearing reflects an awareness by McKenzie that the status of all workers was at issue. We thus find no merit to Tachick's argument on this point. *See Matter of L.A.M.*, 727 P.2d 1057, 1059 (Alaska 1986); *Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1280 (Alaska 1985).

■ Concerning the hearing officer's alleged lack of impartiality, Tachick objects to the officer's pointed questioning of McKenzie. We find no merit in this contention. The hearing officer's job is to "inquire into and develop all facts bearing on the issues." AS 23.20.420(a). McKenzie's evasiveness made pointed questioning necessary. Tachick "has not shown that the [hearing officer's] questioning demonstrated any predisposition to find against [Tachick] or that it otherwise interfered with the orderly presentation of evidence." *In re Cornelius*, 520 P.2d 76, 83 (Alaska

1974); *see also Black v. Corporation Division*, 54 Or.App. 432, 634 P.2d 1383, 1384 (1981).

### III.

Tachick claims that the Commissioner erred in finding that Tachick's workers were employees and not independent contractors. Tachick does not, however, discuss the standard of review to be applied. "[I]t is evident from the statutory requirement of a showing 'to the satisfaction of the department' that the Department of Labor is vested with broad discretion in deciding whether an 'employment' relationship exists. We can only reverse the commissioner's decision if we find that he abused this discretion." *Clayton v. State*, 598 P.2d 84, 86 (Alaska 1979). *See Alaska Placer Co. v. Lee*, 502 P.2d 128, 132 (Alaska 1972).

■ After a review of the record, we are not convinced that the Commissioner abused his discretion here. McKenzie was under the mistaken impression that merely by showing that several of his employees had business licenses he had borne his burden.[4] This is not the case. *See* AS 23.20.-525(a)(10). The statutory definition is controlling,[5] and the employer must show that all three prongs of the "ABC test" in that statute are met. *Employment Security Comm'n. v. Wilson*, 461 P.2d 425, 428 (Alaska 1969).

■ McKenzie did not produce clear evidence that all three prongs of AS 23.20.-525(a)(10)'s "ABC test" were met as to any of Tachick's workers.[6] The Commission-

4. McKenzie relied in part on our decision in *Clayton*, in which we related that the superior court had "accept[ed] the commissioner's concession that Clayton's payments to the three contractors who had business licenses were indeed exempt." 598 P.2d at 86. The superior court's acceptance of the commissioner's concession was not at issue on appeal, so we expressed no opinion as to whether it was correct. Consequently, McKenzie's reliance was erroneous.

5. *See, e.g., Jeffcoat v. State,* 732 P.2d 1073, 1075 (Alaska 1987) (club dancer held employee, not independent contractor, for purposes of labor laws. Distinction varies "depending upon the context of the dispute.... For the remedial

purposes of the FLSA to be effectuated, there should be a broad interpretation of the term 'employer' "); Asia, *Employment Relation: Common–Law Concept and Legislative Definition,* 55 Yale L.J. 76 (1945); Annotation, *Unemployment Compensation: Trucker as Employee or Independent Contractor,* 2 A.L.R.4th 1219, 1220 (1980) ("in making the determination of whether a trucker is an employee or independent contractor, the statutory unemployment compensation provisions control rather than common law rules").

6. AS 23.20.525(a)(10) states:
"Employment" defined. (a) In this chapter, unless the context otherwise requires, "employment" means

er's finding was thus not an abuse of discretion.

## IV.

 Tachick also contends that the Commissioner's decision effects an unconstitutional impairment of its "freedom to contract" and has resulted in a denial of equal protection to Tachick. These claims lack merit.

Article I, section 10, clause 1 of the U.S. Constitution prohibits the impairment of prior, existing contracts, not those made after a law's effective date. *See Murray v. Charleston,* 96 U.S. 432, 24 L.Ed. 760 (1878); 16A Am.Jur.2d *Constitutional Law* § 695 (1979).

An equal protection claimant must show "a deliberate and intentional plan to discriminate based on some unjustifiable or arbitrary classification." *North Slope Borough v. Puget Sound Tug & Barge,* 598 P.2d 924, 928 (Alaska 1979).

Tachick has made no adequate showing of a violation of either provision. No preexisting contracts have been impaired, and it has not been shown that the Department of Labor has treated Tachick any differently than it would any employer who had not paid unemployment insurance premiums.

The decision of the superior court is AFFIRMED.

---

(10) service performed by an individual whether or not the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the department that

(A) the individual has been and will continue to be free from control and direction in connection with the performance of the service, both under the individual's contract for the performance of service and in fact;

(B) the service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and

(C) the individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.